The INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Plaintiff,

v.

Jan HOFFMAN, as Special Administrator of the Estate of Patrick K. Quaschnick, deceased; the Estate of Craig S. Enerson, deceased; Donald R. Harris, as Trustee for the Heirs of Jon D. Quist, deceased; Raymond Hostager, as Trustee for the Heirs of Curt A. Hostager, deceased; Douglas A. Teigen, as Trustee for the Heirs of Kristi Elaine Teigen–Hoffman, deceased; Harold M. Hoffman, as Trustee for the Heirs of Gary Duane Hoffman, deceased; John A. Schmeckpeper, as Trustee for the Heirs of Timothy Francis Schmeckpeper, deceased, and June Schaeffer, Defendants.

Civ. No. 4-91-297.

United States District Court, D. Minnesota, Fourth Division.

Feb. 22, 1993.

John S. Hoff, Tamara L. Warn, and The Law Offices of John Scott Hoff, P.C., Chicago, IL, and Frederick Morris, and Leonard, Street and Deinard, Minneapolis, MN, for plaintiff.

Scott W. Johnson, and Faegre & Benson, Minneapolis, MN, for defendant Jan Hoffman as Trustee for the Estate of Patrick Quaschnick.

Paul T. Eidsness, and Moss & Barnett, Minneapolis, MN, for defendant Donald R. Harris, as Trustee for the Heirs of Jon D. Quist.

Robert Bennett, and Bennett, Ingvaldson, McInerny & Simons, P.A., Minneapolis, MN, for defendants Douglas A. Teigen, as Trustee for the Heirs of Kristi Elaine Teigen–Hoffman, and Harold M. Hoffman, as Trustee for the Heirs of Gary Duane Hoffman.

James R. Schwebel, Mary C. Cade, and Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, MN, for defendant Raymond Hostager, as Trustee for the Heirs of Curt A. Hostager.

## ORDER

DOTY, District Judge.

This matter is before the court on cross-motions for summary judgment brought by plaintiff and defendant Jan Hoffman. Based on a review of the file, record and proceedings herein, the court denies plaintiff's motion and grants defendant Jan Hoffman's motion.

## BACKGROUND

The present action was commenced by the Insurance Company of the State of Pennsylvania ("ISOP") seeking a declaration of non-coverage under an aviation insurance policy issued to Patrick K. Quaschnick ("Quaschnick"), defendant Jan Hoffman's decedent and brother. On February 3, 1991, as Quaschnick was piloting the insured aircraft, it collided in mid-air with another airplane, killing all occupants of both planes. The trustees for the heirs of the passengers of the Quaschnick aircraft subsequently brought wrongful death actions against Quaschnick in state court.

After ISOP brought the present action, the parties settled all of the underlying wrongful death claims for $400,000, which ISOP has paid. In this action, ISOP contends that it was not obligated to pay the settlements on behalf of the Quaschnick estate, and thus seeks to recover its payments.[1] ISOP specifically alleges that Quaschnick's aviation poli-

cy is void *ab initio* as a result of two alleged material misrepresentations made by Quaschnick in his underwriting application: (1) that Quaschnick's aircraft was newly purchased, when in fact Quaschnick had owned the subject aircraft since 1986; and (2) that the aircraft had four seats, when it had been modified to hold five seats.[2]

The ISOP policy lists the total number of seats in the aircraft as four, with a "per passenger" sublimit for third-party liability of $100,000 per seat. ISOP issued the policy for a premium of $518.00. ISOP alleges that if it had known that the plane had five seats rather than four, it would have charged additional premium of approximately $182.00.[3]

Hoffman initially moved for summary judgment or to dismiss ISOP's complaint based on the terms of a settlement agreement executed in the underlying wrongful death actions. The court denied Hoffman's motion in its order of June 23, 1992, as a result of its determination that material fact disputes existed concerning the scope and meaning of the settlement agreement.[4] *Insurance Company of the State of Pennsylvania v. Hoffman*, Civ. No. 4–91–297, slip op. at 11–12 (D.Minn. June 23, 1992).

ISOP also moved for summary judgment, arguing that Quaschnick's policy was void and seeking reimbursement for its various settlement payments. In its previous order, the court denied ISOP's motion based on its conclusion that a material fact dispute existed concerning the coverage issue. *Id.* at 13.

Hoffman again moves for summary judgment, arguing that ISOP's attempt to void the policy fails under Minnesota law.[5] ISOP

---

1. ISOP also seeks the return of $10,173.53 which it paid under the policy to the lienholder and mortgagee of the aircraft.

2. ISOP initially alleged a third misrepresentation, but failed to include that claim in its amended complaint.

3. The ISOP policy involved in the present case was issued by ISOP's aviation managers AIG Aviation, which also issued the prior policy on Quaschnick's aircraft. The previous application and policy, which is maintained in the files of AIG Aviation, correctly describes the aircraft as containing five seats.

4. At the time of Hoffman's first motion for summary judgment, the Enerson heirs, who had not commenced a wrongful death action, argued that the settlement agreement did not encompass their claims. Since that time, ISOP has entered into a separate agreement to settle the Enerson heirs' claims for $50,000.

5. In Hoffman's prior motion for summary judgment, she contended that material fact disputes existed concerning whether Quaschnick actually made the alleged misrepresentations and relied primarily on the wording of the settlement agreement to justify the requested relief.

also moves for summary judgment on the issue, asking the court to find that Quaschnick's alleged misrepresentations were material and increased the risk of loss, thus rendering the policy void *ab initio*.[6] Based on its contention that the policy is void, ISOP further argues that it had no duty to defend or indemnify Quaschnick, and thus seeks reimbursement for the contractual breach of warranty payment for hull loss made to the mortgagee of the aircraft, for repayment of $400,000 paid to settle Quaschnick's third-party liability cases, for repayment of Quaschnick's attorney's fees in the wrongful death actions and a declaration that ISOP is not required to pay Quaschnick's attorneys' fees in the present action.

## DISCUSSION

■■■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires the trial judge to direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552. With this standard at hand, the court will consider the cross-motions for summary judgment.

■■■ Under Minnesota law:

No oral or written misrepresentation made by the assured, or in the assured's behalf, in the negotiation of insurance, shall be deemed material, or defeat or avoid the policy, or prevent its attaching, unless made with intent to deceive and defraud, or unless the matter misrepresented increases the risk of loss.

Minn.Stat. § 60A.08 subd. 9.[7]

The burden of proving the intent to deceive or defraud or that the misrepresentation increased the risk of loss is on the insurer.

*Quintana v. Allstate Ins. Co.*, 378 N.W.2d 40, 45 (Minn.Ct.App.1985) (citing *Craigmile v. Sorenson*, 248 Minn. 286, 80 N.W.2d 45, 51 (1956)).

6. ISOP also submitted a surreply in support of its motion for summary judgment. A surreply is not permitted under the local rules, and thus the court did not consider the arguments raised by that memorandum.

7. In its complaint, ISOP relies solely on various provisions in Quaschnick's insurance policy to support its claim that the policy was void. *See* Pl.'s Amended Compl. ¶¶ 28–29. Under Minnesota law, however, an insurer's attempt to void a

policy on the basis of material misrepresentations in an application is governed by Minn.Stat. § 60A.08 subd. 9. The parties do not dispute such application, thus the court did not address the provisions of the policy but rather looked to the statute to analyze the effect of any alleged misrepresentation. *Cf. Schaedler v. New York Life Ins. Co.*, 201 Minn. 327, 276 N.W. 235, 239 (1937) (where policy constitutes a Minnesota contract, it must conform to Minnesota statutes).

■ In its amended complaint, ISOP alleges that Quaschnick misrepresented that his aircraft was newly purchased, but fails to explain why that alleged misrepresentation should be deemed material under Minnesota law.[8] ISOP further alleges that Quaschnick's representation concerning the number of seats in the aircraft constitutes a material misrepresentation[9] because it increased ISOP's potential liability exposure under the per passenger sublimit from $400,000 to $500,000, and that ISOP would have charged an additional premium of $182.00 if it had been aware of that increased exposure. (*See* Pl.'s Amended Compl. ¶¶ 6, 25–27.)[10] Based on the increased exposure, ISOP argues that Quaschnick's alleged misrepresentation regarding the number of seats increased the risk of loss for purposes of Minn.Stat. § 60A.08 subd. 9.

The court, however, rejects ISOP's construction of the phrase "increases the risk of loss" for purposes of determining whether a misrepresentation is material under Minnesota law. In *Preferred Risk Mutual Insurance Co. v. Anderson,* the Supreme Court held that for purposes of determining materiality:

> In this context, the concept "risk of loss" refers to the *likelihood* of future liability on the insurance company for loss....

277 Minn. 342, 152 N.W.2d 476, 483 (1967) (emphasis added). The Minnesota Court of Appeals has similarly held that:

> The concept of "risk of loss" refers to the likelihood that the insurance company will be liable in the future for the insured's negligent conduct.

**8.** ISOP's complaint merely states that:
> The failure of Quaschnick to disclose at the time he applied for the subject policy the fact that this airplane was *not* newly acquired or a "new purchase" at the time of his application, and that it had been specifically modified to carry one additional passenger, *causing an increased loss exposure,* was a material misrepresentation.

Pl.'s Amended Compl. ¶ 25 (emphasis in original).

**9.** Hoffman disputes the fact that Quaschnick ever made such representations, but will concede that issue for the purposes of her present motion.

*Proprietors Ins. Co. v. Northwestern Nat'l Bank,* 374 N.W.2d 772, 777 (Minn.Ct.App. 1985) (citing *Preferred Risk,* 152 N.W.2d at 483). Applying that definition, ISOP does not contend that the alleged misrepresentations increased the likelihood of either a mid-air collision or any other type of accident which would give rise to ISOP's liability under Quaschnick's policy. Moreover, it fails to proffer any evidence to support such a contention. The court thus concludes that ISOP's claim that the policy is void fails under Minn.Stat. § 60A.08 subd. 9.

■ Even if ISOP were to make such an allegation, the court nonetheless concludes that neither of the two misrepresentations, that is, whether Quaschnick's aircraft was newly purchased or contained four or five seats, has any bearing on the likelihood of an accident giving rise to ISOP's liability under the policy. The court thus determines that the alleged misrepresentations are not material, that is, they do not increase the risk of loss as defined under Minnesota law. The court thus determines that Quaschnick's policy is not void *ab initio.*[11]

■ The court further rejects ISOP's contention that:

> Risk of loss refers to the possibility that the insurer will be responsible to cover the insured's negligent conduct at some point in the future, *or that the amount of any exposure is increased.*

(Pl.'s Mem. Opp. Summ. J. at 7 (emphasis added)). ISOP cites *Preferred Risk,* 152 N.W.2d at 483, in support of its contention that an increase in risk of loss for purposes of Minn.Stat. § 60A.08 subd. 9. occurs in situations where the alleged misrepresenta-

**10.** In its pretrial statement, however, ISOP asserts that the increased premium amount would be $252.00.

**11.** The court similarly rejects ISOP's contention that the misrepresentation was material because ISOP would have charged more premium for an aircraft with five rather than four seats. That argument again ignores the definition of increase in the risk of loss for purposes of voiding an insurance policy under Minnesota law.

tion increases the amount of an insurer's exposure. In *Preferred Risk*, however, the Minnesota Supreme Court never construed "risk of loss" in that manner[12] and ISOP cites no other authority in support of that proposition. The court thus rejects ISOP's contention, and concludes that even if Quaschnick's alleged misrepresentations increased the amount of ISOP's exposure in the event of an accident, such an increase is irrelevant to a determination of materiality under the statute.

█ The court also rejects ISOP's claim that its risk of exposure necessarily increased because the aircraft contained five rather than four seats. Although Quaschnick's policy included a sublimit of $100,000 for each passenger, that sublimit does not otherwise affect ISOP's total exposure for property damage or bodily injury to other third parties in the event of an accident. The aggregate liability limit of $500,000 applied per occurrence regardless of the number of seats in the aircraft. The court thus rejects ISOP's contention that the overall policy limits were adversely affected by the alleged misrepresentation.[13]

█ ISOP's amended complaint seeks to void Quaschnick's policy solely on the basis of an alleged increased risk of loss arising from the misrepresentation concerning the number of seats on the aircraft. The amended complaint does not allege that Quaschnick's representations were "made with intent to deceive or defraud",[14] and thus fails to assert a claim to void the policy under the first prong of the misrepresentation statute. In its brief, however, ISOP contends that Quaschnick made the representations with an intent to deceive or defraud, apparently seeking to assert such a claim. (Pl.'s Mem. Opp. Summ. J. at 9, 11.) Because the allegation is absent from ISOP's amended complaint, and the time for amendment of pleadings and discovery has long since expired, the court declines to address any arguments concerning Quaschnick's alleged intent. The court has already permitted one such amendment[15] and is unwilling to allow ISOP to again amend its complaint in effect by raising a claim not alleged in its amended complaint. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971) (motions to amend complaints are within the trial court's discretion). Moreover, at this late date, ISOP proffers no reason or justification to permit any such amendment. *See* Federal Rule of Civil Procedure 15(a) (court should permit

---

**12.** As discussed *supra*, the *Preferred Risk* opinion states only that " 'risk of loss' refers to the likelihood of future liability on the insurance company for loss." *See* 152 N.W.2d at 483.

**13.** For example, ISOP contends that it:

accepted the risk of a possible maximum $400,000 payment. [It] did not accept the risk of an additional $100,000 (for a total of a $500,000 loss).

(Pl.'s Mem. Opp. Summ. J. at 11.) That statement, however, directly conflicts with the terms of the ISOP policy, which provide a $500,000 liability limit per occurrence regardless of the number of seats or passengers on the aircraft.

**14.** The amended complaint makes only one specific reference to fraud:

Pursuant to the express contractual language of Page Six (6), Part Four (4), Paragraph Twelve (12), of the subject policy ... the policy of insurance would be "void from its Inception Date in case of any fraud, attempted fraud, false swearing or misrepresentation of any material fact or circumstance by you (the insured) as to anything about this insurance."

Amended Compl. ¶ 28. The amended complaint does not claim, however, that Quaschnick made the alleged misrepresentations with "an intent to deceive or defraud" but merely states that:

Quaschnick omitted and failed to truthfully state that the subject aircraft had been specifically modified in 1986 from a four seat to a five seat aircraft....

*Id.* ¶ 17; *see also id.* at ¶ 19. The amended complaint further describes Quaschnick's alleged misrepresentations as:

untrue statements, misrepresentations and omissions in the subject policy application which constitute material misrepresentations....

*Id.* ¶ B.

**15.** In response to Hoffman's prior motion for summary judgment, ISOP moved to amend its original complaint to seek indemnity for various payments made on behalf of Quaschnick. Hoffman responded that ISOP released any such claims in the settlement agreement. Based on its determination that material fact disputes existed concerning the scope of the settlement agreement, the court allowed ISOP to amend its complaint. *See Insurance Company of the State of Pennsylvania v. Hoffman*, Civ. No. 4–91–297, slip op. at 12–13 (D.Minn. June 23, 1992).

such amendment "when justice so requires"). The court thus declines to consider ISOP's allegations concerning Quaschnick's alleged intent to deceive or defraud for purposes of the Minnesota misrepresentation statute.

 Even if the court were to consider the allegations concerning Quaschnick's intent to deceive or defraud, the court concludes that the alleged misrepresentations do not constitute material misrepresentations based on ISOP's actual knowledge of the facts concerning Quaschnick's aircraft. In its brief, ISOP concedes that in the year before the issuance of the present policy, it had insured Quaschnick's aircraft under another policy, issued by a different insurance agent, and that the prior application stated that Quaschnick's aircraft had five seats. The prior application was in the file of ISOP's aviation managers, AIG Aviation, when AIG Aviation issued the insurance policy challenged in the present case. The court thus concludes that ISOP's possession of Quaschnick's prior declaration concerning the number of seats at the time when the present insurance policy was issued negates the possibility that the alleged misrepresentation was material.

In summary, the court concludes that Quaschnick's policy is not void as a result of the two alleged misrepresentations. The court therefore grants Hoffman's motion for summary judgment and denies ISOP's motion for summary judgment.

At the present time, the court does not address the issue of whether Hoffman is entitled to attorney's fees and costs as a result of its determination that Quaschnick's policy is not void. In addition, Hoffman seeks sanctions as a result of ISOP's second motion for summary judgment, arguing that ISOP's briefs exceed the page limit allowed by the local rules and raise issues previously determined by the court. Hoffman contends that ISOP's motion for summary judgment cannot be granted based on the court's prior order and that any allegations concerning Quaschnick's alleged intent are not properly

before the court because they were not raised in ISOP's amended complaint. Although it is unclear whether ISOP's motion was justified, the court declines to award sanctions at the present time.[16]

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The motion for summary judgment by defendant Jan Hoffman, as Special Administrator of the Estate of Patrick K. Quaschnick, is granted;

2. Plaintiff's motion for summary judgment is denied; and

3. Defendant Jan Hoffman may move for attorney's fees and costs in accordance with the local rules of the United States District Court for the District of Minnesota.

---

16. Although at the present time the court again denies Hoffman's request for sanctions, the court remains troubled by plaintiff's failure to comply with local rules, insistent on bringing on repetitive motions and failure to file relevant documents. *See Insurance Company of the State of Pennsylvania v. Hoffman,* Civ. No. 4–91–297, slip op. at 13–14 (D.Minn. June 23, 1992).