Julius **CORPUS** and Calvin **Sellars,** Individually and on behalf of all other inmates of the Texas Department of Corrections, Plaintiffs-Appellees,

v.

W. J. **ESTELLE, Jr.,** Director, Texas Department of Corrections, Defendant-Appellant.

No. 76–1184.

United States Court of Appeals, Fifth Circuit.

April 22, 1977.

Stanley G. Schneider, Staff Counsel for Inmates (Tex. Dept. of Corrections), Ted Redington, Director, Staff Counsel for Inmates, Huntsville, Tex., amicus curiae.

William Bennett Turner, San Francisco, Cal., Frances T. Cruz, Chicago, Ill., for plaintiffs-appellees.

Before GEWIN, GEE and FAY, Circuit Judges.

FAY, Circuit Judge:

This is an appeal brought by the Director of the Texas Department of Corrections (TDC) from an order of the district court granting declaratory and injunctive relief under 42 U.S.C. § 1983 to a class of prisoners confined by TDC. The injunction was entered to prevent the appellant, ". . . his agents, employees, successors and those acting in concert with him . . . from maintaining or enforcing any rule or practice prohibiting prisoners of [TDC] from giving or receiving legal assistance with regard to civil rights matters."[1] The declaratory judgment held invalid TDC's rules and practices prohibiting prisoners from giving or receiving legal assistance from fellow prisoners in habeas corpus and other general civil legal matters. We affirm.

Appellant raises two issues as grounds for reversal. First the court below lacked jurisdiction to enter an injunction against the enforcement of a state-wide rule of TDC because the court failed to convene a three-judge panel required by 28 U.S.C. § 2281[2] and, second, the Staff Counsel for Inmates (a legal program for the benefit of prisoners developed by TDC) provided TDC inmates with a reasonable alternative to mutual inmate assistance in all legal mat-

Calvin Botley, Asst. Atty. Gen., Houston, Tex., John L. Hill, Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Chief, Enforcement Div., Gilbert J. Pena, Austin, Tex., for defendant-appellant.

1. *Corpus v. Estelle*, 409 F.Supp. 1090, 1097 (S.D.Tex.1975).

2. § 2281 Injunction against enforcement of state statute; three-judge court required

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

ters except civil rights actions or tort claims against TDC officials.

■ Under 28 U.S.C. § 2281[3] a three-judge panel must be convened at the district court level if the constitutionality of a state statute or an order of an administrative board or commission acting pursuant to state statute arises. However, when a constitutional question has already been decided, it is not necessary to convene a three-judge panel to make that decision. *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); *Gates v. Collier*, 501 F.2d 1291, 1297 (5th Cir. 1974).

■ In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held unconstitutional a rule prohibiting inmates giving to or receiving from other inmates legal assistance on civil rights matters unless the prison or its officials provide a "reasonable alternative". Therefore, in determining whether such a rule is constitutional the district court need only determine whether there is a "reasonable alternative" and that determination is a question of fact over which a single-judge court has jurisdiction. *Johnson v. Avery*, 393 U.S. 483, 488–489, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). This determination will indicate as a matter of law the constitutionality of the prison's practice; that is, if there is a reasonable alternative to inmate mutual assistance then the practice is constitutional, if not then the practice is unconstitutional.

■ Before discussing whether TDC provides a reasonable alternative to inmate mutual assistance it should be noted that, to date, neither the Supreme Court nor this circuit has decided whether a prohibition against inmate mutual assistance in general civil matters is unconstitutional when no reasonable alternative exists. In this case the district court issued a declaratory judgment holding TDC rules and practices prohibiting prisoners from giving or receiving legal assistance in general civil legal mat-

ters invalid. In doing so, the court below stated:

> that the Due Process Clause of the Fourteenth Amendment assures "that prisoners be granted 'reasonable access to the courts . . .'" *Goff v. Jones*, 500 F.2d 395, 397 (5th Cir. 1974).

*Corpus v. Estelle*, 409 F.Supp. 1090, 1097 (S.D.Tex.1975). We agree with the district court that reasonable access to the courts must include access in general civil legal matters including but not limited to divorce and small civil claims.

■ Appellant urges that the district court's factual determination that TDC did not provide a reasonable alternative to inmate mutual assistance in habeas and general civil cases was clearly erroneous. In a previous ruling, this circuit held that the state or state agency (TDC) has the burden of proving the existence of reasonable alternatives. In *Novak v. Beto*, 453 F.2d 661 (5th Cir. 1971), we stated:

> . . . the State [has] the burden of justifying its regulation against inmate assistance by producing evidence that establishes *in specific terms* what the need is for legal assistance on habeas corpus matters in the TDC, and by demonstrating that it is reasonably satisfying that need. (Emphasis by the Court)

*Supra*, p. 664.

■ In deciding TDC did not meet this burden of proof the district court found:

> In the matter of habeas corpus petitions, TDC staff attorneys filed 79 petitions in state and federal proceedings in 1974, and 52 in 1975 as of September 30, 1975. However, no records are kept as to the success rate of the habeas petitions. An inmate presents a written request through TDC internal mail routes and he is then interviewed. If the request is denied, a staff attorney will explain the legal authorities on which the refusal is based. The staff attorney may even prepare a pro se petition for the inmates, although no statistics on this practice

---

**3.** As a note, 28 U.S.C. § 2281 has been repealed by Pub.L. 94–381, § 1, August 12, 1976, 90 Stat. 1119 although the repeal is not applicable to

any action commenced on or before August 12, 1976.

were offered, and, of course, the inmate may proceed pro se without assistance. The inmate may also present his request again to a different staff attorney, but in the event that he receives no assistance from any of the staff attorneys he has no avenue of administrative appeal from the denial of legal assistance. If an inmate is totally or functionally illiterate and the staff attorneys refuse his request for habeas assistance, they may help him write to a court for assistance, but no statistics were offered on this alternative either. The Court was not able to determine on the basis of any tangible evidence what alternatives exist for the non-English speaking or functionally illiterate inmates notwithstanding the existence of the TDC staff attorney program. The Court can only conclude that such inmates fare just as badly as they would if no Texas Department of Corrections staff attorneys were employed, and that as a result of the existence of the rule against inmate mutual assistance on habeas matters they are foreclosed from having reasonable access to the courts.[4]

The district court also found that the legal assistance

. . . program offers no legal assistance to prisoners with certain kinds of legal problems, including (a) civil rights actions or other legal claims against the prison administration, (b) "small" civil claims, and (c) certain divorces. In regard to divorces, the TDC staff attorneys will provide a defense for inmates, but will not aid the inmates in instituting divorces unless it would have some effect on their ability to conform to prison conditions or on their eligibility for parole. . . . the program [also] excludes claims deemed by the TDC lawyers to be too small to justify their time. The TDC does not provide any alternative to prisoner mutual assistance on matters not included in the TDC assistance program.[5]

The trial court further found TDC did not show any disciplinary or security problems in Texas prisons as a result of the present status[6] of inmate mutual assistance. Further, in a survey conducted by appellant in 1972 thirty-two (over 91%) of the states responding allowed inmate mutual assistance without substantial problems. Therefore, after examining the record, we find the district court's findings of fact and its conclusion that there was no reasonable alternative to inmate mutual assistance were not clearly erroneous.[7]

Finally we must commend the Texas Department of Corrections on the legal program it has developed thus far. For the cases which the Staff Counsel for Inmates was organized to handle they have done an outstanding job and this decision should not be read to detract from their accomplishment. The Texas program is the leader nationally in providing meaningful legal assistance to inmates in areas beyond those

4. *Corpus v. Estelle*, 409 F.Supp. 1090, 1095 (S.D.Tex.1975).

5. *Supra*, 1094.

6. Rule 3.1119 as adopted on March 11, 1974 made the following a disciplinary violation:
The practice of law by one inmate for, or on behalf of, another inmate, including the giving of any legal service or advice by one inmate to another inmate. As used herein, the terms "practice of law" and "giving of legal service or advice" shall be defined by the laws of the State of Texas.
On March 6, 1975, the rule (now numbered 3.11s) was amended by the addition of the following:
Nothing in this regulation shall be construed so as to prevent one inmate from helping other inmates in connection with civil rights suits or in habeas corpus action for the restoration of good time, solitary confinement, loss of PIP points or reduction in class if an alternative source of legal assistance had not been furnished by the Texas Department of Corrections. This exception does not authorize any inmate to charge for such services or to extract payment in any form. A request for or acceptance of payment shall be considered a major disciplinary violation.

7. Rule 52(a), F.R.Civ.P.; *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Also see *Bartelt v. United States*, 505 F.2d 647, 649 (5th Cir. 1974) and cited cases.

required by law and we join in encouraging its further development. The decision below is affirmed.