19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. BELL BEY, Plaintiff-Appellant,
v.
Raymond G. TOOMBS, Warden; Willie Smith; Frank Williams;
Karen Swan; Debra Givens; Robbin Bell,
Defendants-Appellees.
 No. 93-2405.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from a summary judgment for the defendants in this prisoner civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Bell Bey, a Michigan inmate, filed a civil rights action against several state corrections officials in which he sought monetary damages and other relief. He sued the defendants in their individual capacities. The district court ultimately granted the defendants' motion for summary judgment as to all claims and defendants and this appeal followed. The parties have briefed the issues; Bell Bey is proceeding without benefit of counsel.
 
 
 3
 In 1992, Bell Bey had two active appeals in the Sixth Circuit, Case Nos. 92-1789 and 92-1357. Bell Bey received one standard pro se brief form from this court for each appeal and proceeded to fill each one out. Bell Bey then attempted to have Assistant Resident Unit Manager Karen Swan make the necessary number of photocopies of each brief at state expense. This request was denied pursuant to a Michigan prison policy directive, BCF-61.01, which states in part that indigent prisoners are not entitled to have free photocopies made of documents connected with their lawsuits except for those "necessary legal exhibits" which cannot ordinarily be reproduced by any other means.
 
 
 4
 After Bell Bey's request for photocopies was denied, he forwarded the material to be copied to Warden Toombs along with a note. The note reads as follows:
 
 
 5
 "Your asshole employee [name deleted] continues to disregard and violate the law by obstructing mail and litigation, with your help of course. Nevertheless the enclosed is being sent to this office for authorization and forwarding to the librarian. [signature] P.S. I'm also informing you that one further obstruction of my mail someone will pay heavy retribution!"
 
 
 6
 Bell Bey made two other abortive attempts to have prison employees copy his pro se briefs but did not comply with the briefing schedules. As a result, the Sixth Circuit eventually ordered both appeals dismissed for want of prosecution. Bell Bey then filed the instant action against several prison officials in which he claimed various First Amendment deprivations.
 
 
 7
 Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is not a genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In reviewing a motion for summary judgment, this court views the evidence in a light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 8
 The defendants did not infringe any of Bell Bey's state created rights. Bell Bey initially contends that he had a protected liberty interest created by Michigan prison regulations in receiving free photocopies of all legal documents. A state may create a constitutionally cognizable interest through its policies or regulations. The interest is created when substantive limitations are placed on official discretion in language which mandates a particular result if the substantive predicate is satisfied. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983). The relevant policy section merely states that "[f]ree photocopying for these purposes will not be provided, except photocopies of necessary legal exhibits which cannot be copied by other means." It is readily apparent that this does not mandate free, unlimited photocopying of all documents for any inmate under Thompson/Olim or any other construction.
 
 
 9
 Neither did the defendants infringe any federally created constitutional right by declining to honor Bell Bey's two photocopy requests. To the extent that Bell Bey may be asserting a general right to the use of a Xerox machine, the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989); Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir.1983) (per curiam).
 
 
 10
 Bell Bey's action may also be interpreted as an allegation that the denial of the photocopy requests amounted to a denial of his right of access to the courts in the two specific appellate cases. The First Amendment does protect an inmate's right of access to the courts, but not necessarily his access to legal assistance or materials. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Thus, in order to prevail in such a case, an inmate must demonstrate that his jailer's conduct actually prevented his access to the courts or that it has actually prejudiced his ability to litigate a lawsuit. Id. In the present case, it is plain that Bell Bey brought the Sixth Circuit dismissals upon himself. He insisted on having his pro se brief photocopied (in the absence of a Sixth Circuit requirement) in the first appeal and he waited until two days before his second appellate brief was due to make a similar request. There is no evidence in the record of an actual outside impediment to his prosecution of either appeal. The defendants were clearly entitled to judgment as a matter of law. This claim lacks merit.
 
 
 11
 Bell Bey contends that he received a retaliatory misconduct ticket solely for challenging the prison's photocopying policy. Bell Bey contends that the citation constitutes an improper response in retaliation for his exercise of First Amendment free speech. This is nonsense. The hearing officer understandably found that Bell Bey's note was both threatening and abusive. The First Amendment does not confer upon an inmate the right to use patently threatening, offensive or abusive language in connection with corrections personnel. Savage v. Snow, 575 F.Supp. 828, 836 (S.D.N.Y.1983). This claim also fails under a Rule 56 analysis. The appeal lacks merit.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.