**Richard COURTEMANCHE,**
**Plaintiff–Appellant,**

v.

**Gerard GREGELS, et al., Defendants–**
**Appellees.**

No. 03–1369.

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2003.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

## ORDER

Richard Courtemanche, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Courtemanche sued the State of Michigan, the Michigan Department of Corrections ("MDOC"), and six MDOC employees (Gregels, Winger, Wallace, Singleton, Berghuis, and Powell) for violating his right of access to the courts by refusing to make nine copies of an appendix which was to be filed with his petition for a writ of certiorari in the United States Supreme Court and served upon the defendants in that case. The district court sua sponte dismissed the complaint, reasoning that the State of Michigan and MDOC were immune from suit and that Courtemanche had failed to state a claim against the individual defendants. See 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997(e).

In his appeal, Courtemanche essentially reasserts his claim and argues that sua sponte dismissals under the Prison Litigation Reform Act violate the First Amendment.

This court reviews de novo a district court order dismissing a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000) (§§ 1915e and 1915A); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (§ 1997e(c)).

Upon review, we conclude that the district court properly dismissed the complaint.

First, the district court properly concluded that the State of Michigan and MDOC had immunity from suit under the Eleventh Amendment. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Second, Courtemanche failed to state a claim for right of access to the courts. When determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can

prove no set of facts in support of his claims that would entitle him to relief. *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995).

A prisoner has a constitutional right of access to the courts that is adequate, effective and meaningful. *Bounds v. Smith,* 430 U.S. 817, 821–22, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, a prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey,* 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Thaddeus–X v. Blatter,* 175 F.3d 378, 391 (6th Cir.1999). Additionally, a prisoner must show an actual injury to existing or contemplated litigation which raises nonfrivolous claims. *Lewis,* 518 U.S. at 349–55 & n. 3.

Courtemanche failed to state a claim for three reaons. First, the right of access does not include a per se right to photocopies in whatever amount a prisoner requests. *See Bell Bey v. Toombs,* No. 93–2405, 1994 WL 105900, at *2 (6th Cir. Mar. 28, 1994) (unpublished); *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989). Second, the denial of photocopies did not impact Courtemanche's right of access to the court to the extent that his underlying case did not involve his direct criminal appeal and instead challenged a court decision in a legal malpractice action. *See Schrier v. Halford,* 60 F.3d 1309, 1313 (8th Cir.1995). Third, Courtemanche was not at risk of imminent injury and in fact ultimately suffered no injury. The plain language of Supreme Court Rule 14(5) indicates that the Supreme Court would have given Courtemanche the opportunity to file an appendix if he had filed his petition without one. Moreover, Courtemanche admits on appeal that he was able to obtain some copies of the appendix, albeit surreptitiously, and filed a completed petition with the Supreme Court. The peti-

tion was accepted for filing on October 23, 2002, and was denied by the Court on January 13, 2003. *Courtemanche v. Mester,* 537 U.S. 1122, 123 S.Ct. 857, 154 L.Ed.2d 803 (2003).

Finally, we conclude that sua sponte dismissals under the PLRA, as codified in part at 28 U.S.C. § 1915(e)(2)(B), do not violate the First Amendment because § 1915(e)(2)(B) "only addresses procedures to be followed once an inmate's claim is presented" and thus does not implicate a prisoner's rights under the First Amendment to present the claim. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir.2001); *see also Hawkins v. Morse,* No. 98–2062, 1999 WL 1023780, at *2 (6th Cir. Nov. 5, 1999) (unpublished).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.