# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1981

———————

| | | |
|---|---|---|
| Edward Allen Moore, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Larry Rowley, | * | Eastern District of Missouri. |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

———————

Submitted: March 7, 2005
Filed: March 24, 2005

———————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Missouri inmate Edward Moore appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he claimed that Northeast Correctional Center Superintendent Larry Rowley violated his rights under the First, Fifth, and Fourteenth Amendments when he refused to mail Moore's sealed bankruptcy petition to the United States Bankruptcy Court in Ft. Worth, Texas.

———————

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Moore also asserted state-law claims, which were dismissed without prejudice. We affirm.

This court reviews de novo an adverse grant of summary judgment. See Meyers v. Neb. Health and Human Servs., 324 F.3d 655, 658-59 (8th Cir. 2003). The summary judgment record shows that after Moore attempted to mail his bankruptcy petition, it was returned to him by the mail room clerk with a notation that, under prison policy, only privileged mail could be sent out of the institution sealed. Moore thereafter grieved the matter to Superintendent Rowley, who denied the grievance. Assuming without deciding that Rowley violated the Missouri Department of Corrections mail procedures when he refused to mail Moore's sealed bankruptcy petition, a violation of prison policy alone does not give rise to section 1983 liability, see Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for violating prison policy). And we do not believe Moore had a constitutional right to have his bankruptcy petition leave the institution without first being inspected. Cf. Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974) (prison may, in presence of inmate, inspect mail from attorney); Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (questioning whether court filings should receive special treatment under First Amendment, because they are "public document[s], which prison personnel could if they want inspect in the court's files"); Jensen v. Kleckler, 648 F.2d 1179, 1182 (8th Cir. 1981) (although legal mail may only be opened in presence of inmate, letter to inmate from ACLU was not entitled to such protection as it was not within "parameters of the attorney-client privilege"). Although Moore claimed at his deposition that his bankruptcy petition was unsealed all along, at the time Rowley denied Moore's grievance, Rowley had no reason to believe--based on what he knew from reading the grievances--that the petition was unsealed.

Moore also failed to establish an independent violation of his right to court access, because the record demonstrates that Rowley did not delay or refuse outright to send his petition. Rowley merely refused to send the petition sealed. See Lewis

v. Casey, 518 U.S. 343, 356 (1996) (constitutional right to access courts guarantees no particular methodology but rather confers capability of bringing claims); Schrier v. Halford, 60 F.3d 1309, 1313 (8th Cir. 1995) (right of access to courts ensures that prison officials may not erect unreasonable barriers to prevent prisoners from pursuing or defending all types of legal matters).

Finally, we agree with the district court that Moore's potential damages were well below the $75,000 required for diversity jurisdiction, and we thus conclude that the district court properly dismissed Moore's state-law claims without prejudice. See 28 U.S.C. § 1332; Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (if district court determines to legal certainty that plaintiff cannot recover amount sufficient to satisfy jurisdictional requirement, it must dismiss suit).

We also deny Moore's pending motion.

_____