# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-3750/06-1701

_____

Duane C. White,                                         *
                                                        *
    Appellee/Cross-Appellant,                           *
                                                        *   Appeals from the United States
    v.                                                  *   District Court for the
                                                        *   Northern District of Iowa.
W.L. Kautzky, Director of the Iowa                      *
Department of Corrections; John F.                      *
Ault, Warden of Anamosa State                           *
Penitentiary,                                           *
                                                        *
    Appellants/Cross-Appellees.                         *

_____

Submitted: March 14, 2007
Filed: July 17, 2007

_____

Before RILEY, BOWMAN, and ARNOLD, Circuit Judges.

_____

RILEY, Circuit Judge.

    W.L. Kautzky and John F. Ault (collectively, the defendants) appeal the district court's judgment holding the defendants liable for denying Duane C. White (White) meaningful access to the courts. White cross-appeals the district court's nominal damages award. Finding no actual injury, we reverse the finding of liability and vacate the district court's judgment.

## I.    BACKGROUND

On June 25, 1999, White was arrested in Iowa for violating Iowa law and also on an outstanding South Dakota arrest warrant. White was detained in the Woodbury County Jail, near Sioux City, Iowa. White was later transferred from Iowa to South Dakota and back without formal extradition. White pled guilty in Iowa and South Dakota. The Iowa plea agreement allowed the State of Iowa to pursue additional charges if White filed an application for post-conviction relief. White was incarcerated in the Anamosa State Penitentiary (Anamosa) in Iowa from December 16, 1999, to July 25, 2002, when White was transferred to the South Dakota State Penitentiary where he presently is incarcerated.

Before White arrived at Anamosa on December 16, 1999, Anamosa discontinued its prison library. In place of the prison library, Anamosa hired contract attorneys in 2000 who came to the prison several days each month, met with inmates individually for approximately fifteen minutes, answered simple legal questions, and dispensed legal forms. Although the policy in effect at Anamosa would not compensate contract attorneys for researching legal issues for the inmates, the contract attorneys performed limited legal research on an ad hoc basis.

During White's incarceration at Anamosa, White approached a contract attorney about his improper extradition. White sought legal advice and research from the contract attorney. The contract attorney advised White to file an application for post-conviction relief. White never told the contract attorney the State of Iowa could pursue additional charges if White filed an application for post-conviction relief.

On March 28, 2002, White filed a grievance concerning the contract-attorney system in place at Anamosa. After exhausting the available administrative remedies, White filed a complaint pursuant to 42 U.S.C. § 1983, contending the absence of a prison library or an attorney to perform legal research violated his right of meaningful

access to the courts. The parties submitted the case to the district court on the designated record. The district court concluded:

> the legal assistance system at [Anamosa] stood as an unconstitutional impediment to White's access to the courts, because it did not provide a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts where the legal assistance system precluded even the minimum level of legal research that would be necessary, in some specific circumstances, to provide reasonably competent legal advice sufficient for an inmate to present his claims to the court.

White v. Kautzky, 386 F. Supp. 2d 1042, 1057 (N.D. Iowa 2005) (internal quotation marks and citations omitted). The district court further concluded White's actual injury was the loss of a § 1983 claim. Id. at 1058-59. The district court awarded White nominal damages in the amount of $1. Id. at 1060. This appeal followed.

## II.    DISCUSSION

We review for clear error the district court's factual findings, and we review de novo the district court's legal conclusions. See Snider v. United States, 468 F.3d 500, 509 (8th Cir. 2006); see also Fed. R. Civ. P. 52(a).

The Constitution guarantees prisoners a right to access the courts. See Murray v. Giarratano, 492 U.S. 1, 11 n.6 (1989) ("The prisoner's right of access has been described as a consequence of the right to due process of law and as an aspect of equal protection." (internal citations omitted)); see also Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002) (noting, outside of the context of prisons, the right to access the courts is guaranteed by an amalgam of the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses). For prisoners, meaningful access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing

prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996). In Bounds, the phrase "adequate assistance from persons trained in the law" refers to "the adequacy of the prisoner's access to his or her court-appointed counsel or other law-trained assistant," not "to the effectiveness of the representation." Schrier v. Halford, 60 F.3d 1309, 1313-14 (8th Cir. 1995). Prisoners do not have a constitutional right to legal counsel to pursue the prisoners' grievances; consequently, prisoners do not possess a constitutional right to effective assistance of counsel in pursuing advice from legal counsel regarding prison grievances. Id. at 1313. Meaningful access to the courts is the capability to bring "actions seeking new trials, release from confinement, or vindication of fundamental civil rights." Bounds, 430 U.S. at 827; see Lamp v. State of Iowa, 122 F.3d 1100, 1105 (8th Cir. 1997). The state has no obligation to "enable the prisoners to *discover* grievances [or] to *litigate effectively* once in court." Casey, 518 U.S. at 354.

To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim. See Harbury, 536 U.S. at 413, 415; Casey, 518 U.S. at 351, 353, 355. Because the actual injury requirement concerns the prisoner's standing to bring a claim, and thus our jurisdiction, and because we avoid unnecessarily deciding constitutional issues, we will first consider whether White suffered any actual injury. E.g., Casey, 518 U.S. at 349; see also Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 346 (1936) (Brandeis, J., concurring).

To prove actual injury, White must "demonstrate that a nonfrivoulous legal claim had been frustrated or was being impeded." Casey, 518 U.S. at 353 (footnotes omitted). White contends the contract-attorney system in place at Anamosa resulted

in two actual injuries: (1) the loss of a post-conviction relief claim under Iowa Code chapter 822, and (2) the loss of a § 1983 claim.[1]

First, regarding White's claim for post-conviction relief, "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" Brown v. Nutsch, 619 F.2d 758, 762 (8th Cir. 1980) (quoting Frisbie v. Collins, 342 U.S. 519, 522 (1952) (quoting Ker v. Illinois, 119 U.S. 436, 444 (1886))); see Gardels v. Brewer, 190 N.W.2d 803, 806 (Iowa 1971) (stating "the manner in which a defendant is rendered before the court has no effect upon the court's jurisdiction"). Improper extradition is not a ground for post-conviction relief pursuant to Iowa Code chapter 822. See Iowa Code § 822.2 (setting forth the grounds on which post-conviction relief may be granted); cf. State v. Iowa Dist. Ct. for Winneshiek County, 500 N.W.2d 51, 53 (Iowa 1993) (stating a petition for a writ of habeas corpus pursuant to Iowa Code chapter 820 "is the proper way to test the legality of an arrest under a governor's extradition warrant" and noting judicial review is limited to determining whether the applicant was charged with a crime and present in the demanding state when the crime

_____

[1]The district court found "White met with [a contract attorney] and asked him for advice on whether to file a post[-]conviction relief action challenging his conviction based on issues relating to extradition and jurisdiction." White, 386 F. Supp. 2d at 1048. The State of Iowa argues the district court's factual finding is not clearly erroneous, and White cannot argue an actual injury based on the loss of a claim pursuant to § 1983, because White never pled such an injury in the complaint. The record reflects White approached the contract attorney about his improper extradition, White asked the attorney what to do about it, and the contract attorney recommended filing an application for post-conviction relief. Because we liberally construe pro se complaints, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we will generously consider the loss of White's § 1983 claim as a part of White's actual injury.

was committed).[2]   White's remedy is not filing an application for post-conviction relief under Iowa Code chapter 822.

We now turn to the second actual injury contention, the loss of a § 1983 claim. "[S]ection 1983 provides a remedy for improper extradition in violation of the extradition clause and statute." Brown, 619 F.2d at 764.  Adopting the most appropriate Iowa statute of limitations, Wilson v. Garcia, 471 U.S. 261, 275 (1985), superceded by statute on other grounds as recognized in Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 379-80 (2004), the statute of limitations for a § 1983 claim is two years, Wycoff v. Menke, 773 F.2d 983, 984 (8th Cir. 1985).  White filed his grievance on March 28, 2002, and his complaint on July 3, 2002, more than two years after the improper extraditions. Thus, any § 1983 claim based on White's extraditions is manifestly untimely.

Because of the applicable statutory law and controlling case precedent, White's post-conviction relief and § 1983 claims are not arguably meritorious and are frivolous.  We conclude White failed to prove he suffered an actual injury as a result of the contract-attorney system in place at Anamosa.  Because we conclude White never suffered an actual injury, we need not address White's cross-appeal challenging the district court's damages award, and we do not reach the issue whether the contract-attorney system provided White with meaningful access to the courts.

---

[2]We need not decide whether White can seek relief pursuant to Iowa Code chapter 820 or whether the loss of a claim pursuant to Iowa Code chapter 820 is an actual injury because these issues are not before the court.

## III.  CONCLUSION

We reverse and vacate the judgment of the district court.[3]

_____

[3]By our decision today, finding no actual injury and thus no jurisdictional standing, we do not suggest or imply the district court's reasoning and conclusions on whether the Anamosa contract-attorney system was an unconstitutional impediment to White's access to the courts are valid.