# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2859

_____

| | | |
|---|---|---|
| Jerry McCauley, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Dave Dormire; Arthur Woods; | * | |
| David Webster; Mark Schreiber; | * | [UNPUBLISHED] |
| Billy Galloway; Jim Crosby; | * | |
| Marian Ortbals; Henry Jackson; | * | |
| Tami Surface; Lisa Jones; Brian Geoke, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 20, 2007
Filed: August 24, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Jerry McCauley appeals the district court's 28 U.S.C. § 1915A preservice dismissal of his 42 U.S.C. § 1983 complaint. McCauley has moved to proceed in forma pauperis (IFP) on appeal. We grant IFP status, affirm in part, and reverse in part.

In prison disciplinary proceedings, McCauley was convicted of conduct violations for escape and fraud. As a result, he was placed in disciplinary segregation. In a complaint and amended complaint (filed with leave of court) McCauley claimed that the conduct of the disciplinary proceedings violated his due process and equal protection rights, and that the disciplinary convictions were not supported by "some evidence." McCauley also alleged that defendants Dave Dormire, Arthur Woods, David Webster, Jim Crosby, Marian Ortbals, and Lisa Jones--notwithstanding their knowledge that the disciplinary charges were false--were involved in issuing the disciplinary charges, allowing them to proceed, and convicting McCauley, and that these defendants acted in retaliation for McCauley's protest of a plan to rotate library law clerks (of which McCauley was one) and his refusal to quit voluntarily after the plan was overruled; for exercising his right to remain silent when questioned by institutional investigators; and for writing letters of complaint to state officials. As evidence of retaliatory motive, McCauley pointed to alleged statements made by some defendants that they would teach him not to complain, and that they were going to "get rid" of all law clerks who complained. McCauley further alleged that members of the Missouri Board of Probation and Parole violated his rights by denying him parole based on the "bogus" escape violation.

Finally, McCauley also alleged that defendants Dormire, Woods, and Tami Surface (1) confiscated McCauley's legal materials, including his copy of a responsive pleading from the Missouri Attorney General's office--filed in McCauley's state proceeding in which he had petitioned to overturn his conviction--and (2) denied him meaningful access to the prison law library and the assistance of prison law clerks. Accordingly, McCauley alleged, he was prevented from preparing a reply prior to the decision to deny his state petition, which resulted in the petition being denied.

We agree with the district court that McCauley did not state a due process claim based on his prosecution and punishment for the disciplinary charges, see Sandin v. Conner, 515 U.S. 472, 483-86 (1995); Portley-El v. Brill, 288 F.3d 1063, 1065 (8th

Cir. 2002) (this court has consistently held that administrative and disciplinary segregation are not atypical and significant hardships that would trigger due process protections as described in <u>Sandin</u>), and that he had no liberty interest in the possibility of parole, <u>see</u> <u>Adams v. Agniel</u>, 405 F.3d 643, 645 (8th Cir. 2005) (per curiam) (Missouri parole statutes create no liberty interest under state law in parole board's discretionary decisions). We also agree that McCauley's allegations did not state an equal protection claim. <u>See</u> <u>Murphy v. Mo. Dep't of Corr.</u>, 372 F.3d 979, 984 (8th Cir. 2004) (to succeed on equal protection claim, inmate must show he is treated differently than similarly situated class of inmates, and that different treatment burdens fundamental right and bears no rational relation to any legitimate penal interest).

We conclude, however, that McCauley stated a retaliatory-discipline claim, based on his allegations that defendants made statements suggesting a retaliatory motive, that they knew he had not committed the rule infraction, and that the conviction was not supported by "some evidence." <u>See</u> <u>Moore v. Plaster</u>, 266 F.3d 928, 931-33 (8th Cir. 2001) (retaliatory-discipline claim may proceed where disciplinary action is not supported by "some evidence"); <u>Goff v. Burton</u>, 7 F.3d 734, 738 (8th Cir. 1993) (prison officials cannot impose disciplinary sanction against prisoner in retaliation for prisoner's exercise of constitutional right). We also conclude that, at this early procedural stage, McCauley's allegations were sufficient to state an access-to-courts claim. <u>See</u> <u>White v. Kautzky</u>, Nos. 05-3750/06-1791, 2007 WL 2033335 at *2-3 (8th Cir. July 17, 2007) (to prove violation of right of meaningful access to courts, prisoner must establish state has not provided opportunity to litigate claim, which resulted in actual injury; to prove actual injury, prisoner must demonstrate that nonfrivolous legal claim had been frustrated or was being impeded); <u>Marshall v. Knight</u>, 445 F.3d 965, 968-69 (7th Cir. 2006) (reversing dismissal of access-to-courts claim where prison employees allegedly diminished prisoner's access to prison law library to point of being non-existent, causing him to lose custodial credit time because of inability to research and prepare for court hearing; prisoner

states access-to-courts claim when he alleges denial of access to legal materials caused potentially meritorious claim to fail).

Accordingly, we reverse the dismissal of McCauley's retaliatory-discipline claim as to defendants Dormire, Woods, Webster, Crosby, Ortbals, and Jones; and we reverse the dismissal of his access-to-courts claims as to defendants Dormire, Woods, and Surface. In all other respects and as to all other defendants, we affirm.

_____