Jerry Bert SUMPTER, Jr., Appellant,

v.

Crispus NIX, Appellee.

No. 88–1481.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 21, 1988.

Decided Dec. 7, 1988.

---

**564**

Terry Wright, Des Moines, Iowa, for appellant.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and McMILLIAN and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Jerry Bert Sumpter, Jr., appeals from a final order entered in the District Court[1] for the Southern District of Iowa denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *Sumpter v. Nix,* Civ. No. 87–242–B (S.D. Iowa Feb. 26, 1988). For reversal appellant argues that his confession was involuntary in violation of the due process clause of the Fifth Amendment and that his sentence was illegal in violation of the double jeopardy clause of the Fifth Amendment. For the reasons discussed below, we affirm the order of the district court.

On February 5, 1984, at 7:36 a.m., Sumpter called the police from a convenience store to report a murder. The victim was a young girl who had been working alone in the store and had been viciously raped and beaten to death.

About twenty minutes after the police arrived on the scene, Sumpter was taken to the police department and advised of his constitutional rights. Police officers and a special agent of the State Department of Criminal Investigation interrogated Sumpter. Local officers interrogated Sumpter until about 12:30 p.m. Sumpter did not ask to have an attorney present, to be allowed to leave or to have questioning cease.

The special agent began his interrogation at approximately 12:30 p.m. after again advising Sumpter of his constitutional rights. This interview lasted approximately three hours. During Sumpter's interrogation by the special agent, the special agent made occasional references to Sumpter's daughter and wife. At one point, the special agent told Sumpter that he (the special agent) believed Sumpter's wife would understand what had happened. The special agent also talked to Sumpter about different crimes and the different elements of first degree murder and involuntary murder. Further, the special agent talked about the possibility of treatment for Sumpter's alcoholism:

> You know, what if? And some of your past, and some of your drinking ... and what problems you've had before, and what, if anything, that plays a part, I'll give you my honest opinion all the way through that
>
> (no audible response from subject)
>
> and whether or not you can go to some place to get some treatment ... but you can't ... there is no way you can get treatment by denying it.

Appellant's addendum at 36.

The interrogations by the local officers and special agent lasted, at most, seven and one-half hours. After Sumpter talked with his wife, he confessed to the murder. Sumpter's confession and other inculpatory statements were later used against him at trial.

Sumpter has an intelligence quotient (IQ) of 89. His psychological examination stated that he was functioning at the high dull-normal/low-average level range of overall intelligence.

Sumpter was convicted of first-degree sexual abuse and first-degree murder and was sentenced to life imprisonment on both counts with the sentences to run consecutively. The Iowa Supreme Court affirmed his convictions and sentences on appeal.[2]

---

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

2. Sumpter's convictions and life sentences were upheld in *State v. Sumpter,* 388 N.W.2d 677 (Iowa Ct.App.1986) (Table) (direct appeal) and

After exhausting available state court remedies,[3] Sumpter filed this petition for habeas corpus relief. Sumpter asserted that his confession was involuntary in violation of the due process clause of the Fifth Amendment and his sentence was illegal in violation of the double jeopardy clause of the Fifth Amendment. The district court denied relief holding (1) Sumpter's confession was not involuntary because the confession did not result from police overreaching, and (2) Sumpter's conviction and sentence did not violate double jeopardy because he was convicted and sentenced for two offenses, which had at least one element established by evidence not necessary to the other.

■ First, Sumpter argues that his confession was involuntary because of a coercive interrogation. Sumpter argues that this court should consider the length of the interrogation, his below average IQ, the existence of psychological coercion, and any implied promises that might have been made by his interrogators.

Whether a confession is voluntary must be judged by the totality of the circumstances. *Brewer v. Williams,* 430 U.S. 387, 402, 97 S.Ct. 1232, 1241, 51 L.Ed.2d 424 (1977). A confession is not voluntary if it was extracted by threats, violence, or direct or implied promises. *Bram v. United States,* 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); *Rachlin v. United States,* 723 F.2d 1373 (8th Cir.1983). We therefore look to the "totality of the circumstances" surrounding the February 5 interrogation to determine whether the record supports Sumpter's contention that the confession was involuntary. Although at trial the prosecution must establish that a challenged confession was voluntary, *see Lego v. Twomey,* 404 U.S. 477, 489, 92 S.Ct. 619, 627, 30 L.Ed.2d 618 (1972), on collateral review, the burden of proving involuntariness rests with the habeas petitioner, *see Martin v. Wainright,* 770 F.2d 918, 925 (11th Cir.1985), *cert. denied,* 479 U.S. 909, 107 S.Ct. 307, 93 L.Ed.2d 281 (1986).

The seven and one-half hour interrogation, Sumpter's IQ of 89, and the special agent's references to Sumpter's child and wife, even if considered in combination with one another, do not make the confession involuntary. Sumpter's allegation that his interrogators made implied promises of leniency and treatment for alcoholism if he were to confess, while more serious, also do not render Sumpter's confession involuntary. The test is whether Sumpter's "will [was] overborne and his capacity for self-determination critically impaired." *Culombe v. Connecticut,* 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961). We conclude that it was not.

While the transcript of the interrogation establishes that the special agent played on Sumpter's emotions and portrayed himself as sympathetic to Sumpter's interests, it also shows that Sumpter maintained throughout the interrogation a strong awareness that the special agent was an adversary and that confessing would be risky. While the special agent may have influenced Sumpter's resolve to deny his actions, Sumpter's will was not overborne by the special agent. Further, Sumpter made the incriminating statements only after a conversation with his wife. Accordingly, Sumpter's confession was not a result of police overreaching and therefore was not involuntary.

■ Second, Sumpter argues that his conviction and sentence were illegal in violation of the double jeopardy clause. Sumpter was convicted of first-degree murder, on a felony-murder theory, and of first-degree sexual abuse. *See* Iowa Code Ann. §§ 707.2, and 709.2 (West Supp.1988). He was sentenced to consecutive terms of life imprisonment. Sumpter asserts that since the same acts were used to prove each crime, the conviction and sentence violated double jeopardy.

We need not undertake the difficult analysis of determining whether Sumpter's convictions and sentences constituted multiple punishments for the same offenses in violation of the fifth amendment's guaran-

in *State v. Sumpter,* 388 N.W.2d 664 (Iowa 1986) (Table) (direct appeal).

3. *State v. Sumpter,* 404 N.W.2d 592 (Iowa Ct. App.1986) (Table) (post-conviction relief).

tee against double jeopardy.[4] Iowa law provides that: "If consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment." Iowa Code Ann. § 901.8 (West Supp.1988). During oral argument, the Iowa Assistant Attorney General stated that under this law, Sumpter's consecutive life sentences constituted only one life sentence and therefore only one punishment. Because Sumpter received only one punishment by operation of Iowa law, Sumpter has not received multiple punishments, and, therefore, no violation of the double jeopardy clause can be established.

Accordingly, the judgment of the district court is affirmed.

---

**4.** Compare on the issue of whether felony-murder and first-degree sexual abuse constitute different offenses, *State v. Aswegan,* 331 N.W.2d 93, 97 (Iowa 1983) (felony-murder/arson); *Schrier v. State,* 347 N.W.2d 657, 667 (Iowa 1984) (felony-murder/sexual abuse).