**Richard Leslie SCHRIER, Appellant,**

v.

**STATE OF IOWA and William Armontrout, Warden, Missouri State Penitentiary, Appellees.**

No. 90–1973.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1991.

Decided Aug. 1, 1991.

Rehearing and Rehearing en banc Denied Sept. 17, 1991.

Bruce Cook, Des Moines, Iowa, for appellant.

Thomas McGrane, Asst. Atty. Gen., AAG, Des Moines, Iowa, for appellees.

Before WOLLMAN and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

Petitioner Richard Leslie Schrier appeals from the denial of his petition for writ of habeas corpus. A jury in Polk County, Iowa, found Schrier guilty of murder in the first degree and of sexual abuse in the first degree in connection with the death of his two year old son Matthew. The trial court sentenced Schrier to two concurrent mandatory life sentences. The Iowa Supreme Court affirmed Schrier's convictions on direct appeal, and affirmed the denial of his request for post-conviction relief. *State v. Schrier*, 300 N.W.2d 305 (Iowa 1981); *Schrier v. State*, 347 N.W.2d 657 (Iowa 1984).

In his petition for habeas relief, Schrier contends that he was denied his sixth amendment right to notice of the specific charges against him when the trial court included both felony murder and premeditated murder theories in the jury instructions. Schrier further contends that he was denied due process by the trial court's failure to include a general criminal intent instruction on the first degree sexual abuse charge. Schrier maintains that his trial counsel was ineffective in failing to object to the instructions he now challenges as well as in other respects. Finally, Schrier argues that his sentence violates the double jeopardy clause. We affirm the district court's [1] decision dismissing Schrier's petition.

## I.

■ The indictment brought against Schrier charged in count 1 that he had committed murder in the first degree in violation of sections 707.1 and 707.2 of the 1977 Iowa Code. Count 2 charged Schrier with sexual abuse in the first degree in violation of sections 709.1 and 709.2 of the Code. The trial court instructed the jury that the defendant could be found guilty of first degree murder if the state proved beyond a reasonable doubt that the defendant inflicted injury upon his two year old son, Matthew Schrier, on or about June 28, 1978; that the injury caused Matthew's death; and that the defendant acted with malice aforethought, willfully, deliberately, premeditatedly, and with a specific intent to kill Matthew or that the injury was inflicted upon Matthew while the defendant, with malice aforethought, was participating in the offense of sexual abuse.[2]

With regard to the first degree sexual abuse charge, the court instructed that Schrier could be found guilty if the state proved beyond a reasonable doubt that the defendant performed a sex act with Matthew Schrier on or about June 28, 1978; that the act was with a child under the age of 12; and that as a result of or during the sex act, the defendant caused a serious injury to Matthew Schrier. The jury found

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

2. Section 707.2 of the Iowa Code provides that a person commits murder in the first degree when he or she "willfully, deliberately, and with premeditation kills another person," or when "[t]he person kills another person while participating in a forcible felony."

the defendant guilty of both first degree murder and first degree sexual abuse.

Defendant argues that the inclusion of a premeditated murder theory in the court's instructions violated his sixth amendment right to be informed of the nature and cause of the accusation against him, because, while the indictment charged first degree murder, it specified only a felony murder theory as the means by which defendant's son was killed.[3] We note the Supreme Court has recently upheld the use of a verdict form which does not require the jury to agree unanimously on a particular theory of first degree murder, and defendant does not challenge the jury's first degree murder verdict on this basis. *See Schad v. Arizona*, — U.S. —, —, 111 S.Ct. 2491, 2504, 115 L.Ed.2d 2491 (1991).[4]

Petitioner here concedes that Iowa may prescribe different means for commission of the crime of first degree murder, but argues that the indictment must give sufficient notice of each theory that the state intends to rely upon at trial. Petitioner maintains that his sixth amendment right to notice of the specific charge against him was denied in this case, because the jury was instructed on a theory of first degree murder (premeditated murder), which was not explicitly described in the grand jury's charge. When defendant raised this issue in his post-conviction state court petition,

the Iowa Supreme Court ruled that any error in instructing the jury on a premeditated murder theory was not prejudicial:

> We doubt that there was any conceivable way under the evidence in the present case that the jury could have found the petitioner perpetrated the *actus reus* of the present crime without also finding that this was done while participating in a forcible felony. Any lingering doubt on that question is dispelled, however, based on the jury's verdict finding petitioner guilty of sexual abuse in the first degree based on the same evidence upon which he was convicted of murder in the first degree. The two verdicts in combination establish to a certainty petitioner's guilt of all of the essential elements necessary to establish murder in the first degree under a felony murder theory.

*Schrier,* 347 N.W.2d at 666.[5]

In ruling on Schrier's direct appeal, the Iowa Supreme Court expressly found sufficient evidence for a jury to conclude "beyond a reasonable doubt that defendant committed the act of sex abuse that caused Matthew's death." *Schrier,* 300 N.W.2d at 310. We apply a presumption of correctness to state court factual findings under 28 U.S.C. § 2254(d). *See Sumner v. Mata,* 449 U.S. 539, 544–47, 101 S.Ct. 764, 767–69, 66 L.Ed.2d 722 (1981). As the district court

---

**3.** The indictment read:

> THE GRAND JURORS of the County of Polk in the name and by the authority of the State of Iowa accuse Richard Leslie Schrier of the crime of COUNT ONE (1): MURDER IN THE FIRST DEGREE, in violation of Sections 707.1 and 707.2 as defined in the Supplement to the 1977 Code of Iowa; COUNT TWO (2): SEXUAL ABUSE IN THE FIRST DEGREE, in violation of Sections 709.1 and 709.2 as defined in the Supplement to the 1977 Code of Iowa, and charge that Richard Leslie Schrier on or about the 28th day of June, 1978, did in the County and State aforesaid
> COUNT ONE (1)
> kill Matthew Schrier with malice aforethought, either express or implied, while participating in a forcible felony, to wit: Sexual abuse upon the person of Matthew Schrier.
> COUNT TWO (2)
> commit a sex act upon the person of Matthew Schrier, a child, which caused serious injury to the person of Matthew Schrier.

**4.** In holding that a verdict form need not specify the alternative theories of first degree murder relied upon by the prosecution at trial, the Supreme Court expressly recognized the historical genesis and widespread acceptance of the classification of premeditated murder and felony murder as alternative means of satisfying the *mens rea* element of the single crime of first degree murder. *Schad,* — U.S. at —, 111 S.Ct. at 2501–02; *id.* at —, 111 S.Ct. at 2505–06 (Scalia, J., concurring). The Court's decision recognized that Iowa is among those jurisdictions which have held "there is but one crime called murder ... [which] may be committed in several ways." *State v. Fuhrmann,* 257 N.W.2d 619, 623–24 (Iowa 1977) (cited in *Schad,* — U.S. at —, 111 S.Ct. at 2503).

**5.** Testimony at trial established that Matthew's death was caused by an obstruction of air to his lungs. The evidence suggested further that the obstruction was an erect penis. *Schrier,* 300 N.W.2d at 308–09.

noted, these findings support the state's contention that any error in instructing the jury on premeditated murder was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

Defendant argues the sixth amendment right to fair notice is so fundamental to our system of justice that the doctrine of harmless error should not be applied. The Supreme Court has recently expanded the reach of the harmless error doctrine by holding that the erroneous admission of a coerced confession may be harmless error. *Arizona v. Fulminante,* —— U.S. ——, 111 S.Ct. 1246, 1263–66, 113 L.Ed.2d 302 (1991). *See United States v. Williams,* 935 F.2d 1531, 1536–37 (8th Cir.1991).[6]

Prior to the Supreme Court's decision in *Fulminante,* the Ninth Circuit had applied harmless error analysis to violations of a defendant's sixth amendment right to notice. *Givens v. Housewright,* 786 F.2d 1378, 1381 (9th Cir.1986). *See also Gray v. Raines,* 662 F.2d 569, 572–74 (9th Cir.1981); *Goodloe v. Parratt,* 605 F.2d 1041, 1045–47 (8th Cir.1979). We find such analysis consistent with the Supreme Court's *Fulminante* decision and agree with the district court that any error in instructing on an alternative theory of first degree murder in this case was harmless beyond a reasonable doubt.

## II.

■ Petitioner's remaining claims of error were also carefully addressed by the district court, and we have little to add. We agree with the district court that the trial court's failure to include a general criminal intent instruction for the crime of first degree sexual abuse did not deprive defendant of due process. *See United States v. Brooks,* 841 F.2d 268, 270 (9th Cir.), *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 922 (1988); *State v. Tague,* 310 N.W.2d 209, 211 (Iowa 1981).

■ With regard to petitioner's claims of ineffective assistance of counsel, we find the Iowa Supreme Court's discussion dispositive. *See Schrier,* 347 N.W.2d at 663–65. Schrier's reply brief emphasizes counsel's alleged error in failing to object to Officer Woods' testimony regarding petitioner's father's statement to Woods that "if he [petitioner's father] had known then what he knew now, that he would have never allowed Matthew to sleep with [petitioner]" the night before Matthew's death. The record shows counsel initially objected when petitioner's father was questioned about this statement and denied ever making it. Counsel also objected when Officer Woods was later called and the evidence was offered for impeachment purposes. We find no deficiency in counsel's performance in this instance or in the others cited by petitioner which was so serious as to deprive petitioner of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ Finally, with regard to Schrier's contention that his two concurrent life sentences violate the double jeopardy clause, we agree with the district court's observation that our analysis in *Sumpter v. Nix,* 863 F.2d 563, 566 (8th Cir.1988), applies to this case. In *Sumpter,* we declined to rule on a double jeopardy argument similar to the one presented by petitioner here, because defendant Sumpter's consecutive life sentences for sex abuse and felony murder were merged by operation of Iowa law into one life sentence and therefore constituted only one punishment. *Id.* The state argues that the concurrent sentence and mootness doctrines provide further support for declining to address petitioner's double jeopardy argument in this case, because the relief sought by petitioner—the reversal of one life sentence—will not affect the petitioner's remaining concurrent life sentence or his likelihood for release under

---

6. In writing for the majority on this issue, Chief Justice Rehnquist suggests that only "structural defect[s] affecting the framework within which the trial proceeds," such as the lack of an impartial judge or the total absence of counsel during a trial, are immune from harmless error analysis. *Fulminante,* 111 S.Ct. at 1265. Justice White's dissent criticizes the majority's distinction of structural defects from trial errors as a meaningless dichotomy and focuses instead on whether the right at issue protects a fundamental value of our society. *Id.* at 1254–57.

this remaining life sentence. *See* Iowa Code § 902.1. *See generally Lane v. Williams,* 455 U.S. 624, 632–33, 102 S.Ct. 1322, 1327–28, 71 L.Ed.2d 508 (1982); *United States v. Rapp,* 642 F.2d 1120, 1121 (8th Cir.1981); *United States v. Goings,* 527 F.2d 183, 187 & n. 6 (8th Cir.1975). Petitioner has failed to persuade us that habeas relief is warranted under these circumstances.

### III.

For all of the foregoing reasons, the judgment of the district court dismissing Schrier's petition for a writ of habeas corpus is hereby affirmed.