Robert C. NORFOLK, Petitioner,

v.

Robert HOUSTON, Respondent.

No. 4:CV94–3302.

United States District Court,
D. Nebraska.

Dec. 26, 1995.

Robert C. Norfolk, Lincoln, NE, pro se.

Douglas K. Wolgamott, Lincoln, NE, for Robert C. Norfolk.

Mark D. Starr, Attorney General, Lincoln, NE, for Robert Houston.

Donald B. Stenberg, Attorney General, Lincoln, NE, for other interested parties.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter is before the Court on the Magistrate Judge's Report and Recommendation (filing 19) and the objections to such Report and Recommendation (filing 23) filed as allowed by 28 U.S.C. § 636(b)(1)(C) and NELR 72.4.

I have conducted, pursuant to 28 U.S.C. § 636(b)(1) and NELR 72.4, a de novo review of the portions of the Report and Recommendation to which objections have been made. I find after de novo review that the Report and Recommendation should be adopted. Inasmuch as Judge Piester has fully, carefully and correctly found the facts and applied the law, I need only state that Petitioner's claims for habeas relief are without merit and should be dismissed.

IT IS ORDERED:

1. the Magistrate Judge's Report and Recommendation (filing 19) is adopted;

2. Petitioner's objections to the Report and Recommendation (filing 23) are denied; and

3. Petitioner's petition for habeas relief is dismissed with prejudice.

## REPORT AND RECOMMENDATION

PIESTER, United States Magistrate Judge.

Before the court for consideration is the petition for writ of habeas corpus of Petitioner Robert C. Norfolk. (Filing 1.) For reasons discussed more fully below, I shall recommend that the petition be denied.

## BACKGROUND

On May 13, 1984 petitioner was taken into custody by Omaha police in connection with a homicide investigation. The victim of the homicide, petitioner's aunt, had been stabbed and strangled to death in the early morning hours of May 12, 1984 and the phone lines in her home had been cut. Upon arrival at the police station petitioner was informed of his *Miranda*[1] rights. He orally waived those rights and signed a standard *Miranda* advisory form used by the Omaha police. Petitioner was interrogated for approximately two hours, during which time he gave an oral statement admitting that he had stabbed the victim, strangled her, and had sexual intercourse with her. One of the interrogating officers had told petitioner that he "knew everything," because he had a copy of the autopsy report when, in fact, no autopsy report had been issued. A second officer had told petitioner that he would "feel better" if he would tell the officers "everything."

After his oral statement petitioner agreed to give a tape-recorded statement. Petitioner was again informed of his *Miranda* rights. At commencement of the recorded interrogation, one of the interrogating officers commented that the statement being recorded was for "the official record." Petitioner then requested an attorney for the first time. Despite petitioner's request, the recorded interrogation continued.

The State filed an information charging petitioner with first degree murder. Specifically, the state alleged that petitioner had killed the victim "purposely and of deliberate and premeditated malice or in the perpetration of, or in an attempt to perpetrate a sexual assault in the first degree ..." in violation of *Neb.Rev.Stat.* § 28–303 (Reissue 1979). Petitioner sought to exclude from evidence the custodial statements he made to police. After an evidentiary hearing the District Court of Douglas County determined that the tape-recorded statement was obtained in violation of petitioner's *Miranda* rights and ruled that statement inadmissible except for impeachment purposes or as part of the State's rebuttal evidence. The court also concluded, however, that petitioner had "knowingly and voluntarily" waived the *Miranda* rights concerning his oral statement made prior to the recorded statement and that the oral, nonrecorded statement was thereby admissible for the State's case in chief.

On December 19, 1984, after a bench trial, petitioner was found guilty of first degree murder in violation of *Neb.Rev.Stat.* § 28–303. He received a life sentence. Petitioner appealed the conviction to the Nebraska Supreme Court, raising the following claims: (1) the oral, nonrecorded custodial statement was improperly admitted into evidence because (a) there was a deficiency in the *Miranda* warning, and (b) the statement was not voluntary; (2) a lay witness' testimony concerning Norfolk's mental state was improperly admitted as evidence; and (3) the evidence was insufficient as a matter of law to support a finding of guilt for first degree murder. The Nebraska Supreme Court considered petitioner's claims and affirmed the conviction. *State v. Norfolk,* 221 Neb. 810, 381 N.W.2d 120 (1986).

On September 26, 1994 petitioner filed the present habeas action on his own behalf. His petition raised the following grounds for relief:

(1) Conviction obtained by use of oral, nonrecorded statement

    (a) made without sufficient warnings required by *Miranda* and without an intel-

---

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ligent waiver of his right to remain silent; and

(b) made involuntarily;

(2) The lay witness' testimony concerning Norfolk's "mental state" was improperly admitted as evidence; and

(3) The evidence is insufficient as a matter of law to support a finding of guilt for first degree murder.

(Filing 1.)

I considered the petition and concluded that petitioner's claim (2), regarding admission of the lay witness' testimony, did not present a proper basis for habeas relief. (*See* filing 3.) I recommended dismissal of that claim.[2] (*Id.*) I also concluded that petitioner's remaining grounds for relief (claims (1) and (3)) appeared to have been properly exhausted by presentment, and that further consideration of those claims was beyond the scope of the court's initial review. I therefore ordered respondent to respond to those claims. (*Id.*)

On October 13, 1994 respondent submitted a response addressing petitioner's remaining claims. (*See* filing 4.) On October 18, 1994 I entered a progression order requiring, among other things, that the parties submit pertinent state court records and briefs on the issues raised by this action. (*See* filing 5.) The parties have since done so and petitioner's claims are considered below.

### DISCUSSION

As a preliminary matter I note that respondent has admitted that petitioner's claims were exhausted by presentment to the Nebraska Supreme Court on direct appeal. (Response, filing 4, at 2; Respondent's Brief, at 1–3.) Thus, I shall forego any discussion regarding exhaustion and proceed to consideration of the merits of petitioner's remaining claims (claims (1) and (3)).

---

**2.** The Honorable Richard G. Kopf subsequently adopted my recommendation and dismissed the claim. (*See* filing 7.)

**3.** While an argument heading in the brief states that "there was a deficiency in the Miranda warning," (Petitioner's Brief, at 9), petitioner's brief does not specifically address the claim that the interrogating officer failed to inform petition-

### Claim (1): Use of Oral, Nonrecorded Statement

#### (a) *Miranda* issues

Petitioner claims that the *Miranda* warning administered prior to his oral, nonrecorded statement was insufficient because "the interrogating officer failed to inform him that any oral statement he made could be used against him." (Petition, filing 1, at 5.) Petitioner further claims that he did not intelligently waive his right to remain silent because he was unaware that his oral, nonrecorded statement "would be made a part of the official record and could be used as evidence against him." (*Id.*)

The challenge to the sufficiency of the *Miranda* warning itself may be quickly dispensed with. Petitioner's brief does not address that specific claim.[3] This court has adopted a local rule requiring parties to argue their claims in briefs to the court. *See* NELR 39.2(c). Local Rule 39.2 states, in part, that "[w]hen a judge has set a time for submitting a brief, the failure to submit a brief or to discuss an issue in the brief submitted may be treated as an abandonment of that party's position on any issue not discussed." NELR 39.2(c). Petitioner's failure to argue in his brief that the *Miranda* warning itself was insufficient is a violation of Local Rule 39.2(c) and compels a finding that the unargued claim is abandoned. *See* NELR 39.2(c); *Reeves v. Hopkins,* 871 F.Supp. 1182, 1217–18 (D.Neb.1994); *cf. Williams v. Armontrout,* 679 F.Supp. 916, 922 (W.D.Mo.1988) (when brief and traverse prepared by petitioner's counsel failed to provide any factual or legal argument in support of certain claims presented in the pro se petition, those claims were considered abandoned), *aff'd,* 912 F.2d 924 (8th Cir. 1990), *cert. denied,* 498 U.S. 1127, 111 S.Ct. 1092, 112 L.Ed.2d 1197 (1991).[4] As such,

---

er that any oral statement he made could be used against him.

**4.** I note that it is not necessarily unreasonable for appointed counsel to abandon, for tactical reasons, certain claims set out in a pro se habeas petition. *Harper v. Nix,* 867 F.2d 455, 457 (8th Cir.), *cert. denied,* 491 U.S. 908, 109 S.Ct. 3194, 105 L.Ed.2d 702 (1989).

petitioner is not entitled to habeas relief on his claim that the officer failed to inform him of his right to remain silent.[5]

Petitioner's challenge to the validity of his *Miranda* waiver was briefed and therefore requires further consideration. An individual "may waive effectuation of [*Miranda*] provided the waiver is made voluntarily, knowingly and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). The Supreme Court has explained the waiver analysis as follows:

> The inquiry [into the validity of a waiver] has two distinct dimensions.... First, the relinquishment of the right must have been *voluntary* in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a *full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.* Only if the 'totality of the circumstances surrounding the interrogation' reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

*Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986) (emphasis added) (quoting *Fare v. Michael C.*, 442 U.S. 707, 725, 99 S.Ct. 2560, 2571–72, 61 L.Ed.2d 197 (1979)). The "totality of the circumstances in each case" may include "the background, experience, and conduct of the accused." *United States v. Barahona*, 990 F.2d 412, 418 (8th Cir.1993).

■ The first issue, then, in determining the validity of a *Miranda* waiver is voluntariness. The habeas petition in this case contains no challenge to the voluntariness of petitioner's waiver. While the petition alleges that petitioner's confession itself was not voluntary, the only challenge to the waiver of *Miranda* rights is that the waiver was not intelligently made. (Petition, filing 1, at 5.) In his brief, petitioner now appears to contest the voluntariness of the waiver. (Petitioner's Brief, at 11.) The petition, not briefs or other documents, provides the basis for granting the writ of habeas corpus. *See Neal v. Grammer*, 769 F.Supp. 1523, 1526 (D.Neb.1991), *aff'd*, 975 F.2d 463, 465 (8th Cir.1992); *see also Insurance Company of the State of Pennsylvania v. Hoffman*, 814 F.Supp. 782, 787 (D.Minn.1993) (declining to address allegations raised in a brief but not asserted in the amended complaint); *Berry v. Armstrong Rubber Company*, 780 F.Supp. 1097 (S.D.Miss.1991) (refusing to consider claim argued in brief but not alleged in any of three amended complaints), *aff'd*, 989 F.2d 822 (5th Cir.1993), *cert. denied*, 510 U.S. 1117, 114 S.Ct. 1067, 127 L.Ed.2d 386 (1994). As the petition contains no challenge to the voluntariness of the waiver, that issue may not be addressed by this court. *See* Rule 2(c) of the Rules Governing Section 2254 Proceedings (petition must "specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge"); *Withrow v. Williams*, 507 U.S. 680, 694–98, 113 S.Ct. 1745, 1755–56, 123 L.Ed.2d 407 (1993) (where habeas petition raised only one claim concerning the admissibility of statements made to police—a *Miranda* claim—it was error for the district court to consider a due process claim concerning those statements).

■ The other issue in determining the validity of a *Miranda* waiver is whether that waiver was made "knowingly and intelligently," *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612, with "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran*, 475 U.S. at 421, 106 S.Ct. at 1141. This

---

**5.** Even if petitioner had briefed the claim, I would not consider it because petitioner failed to present the claim to the Nebraska Supreme Court on direct appeal of his conviction. (*See* Appellant's Brief, filing 4, exhibit C.) In fact, in his brief to the Supreme Court petitioner stated that he "was advised of his Miranda warnings." (*Id.* at 8.) Further, the state district court found that a proper *Miranda* warning was given. (Bill of Exceptions ("B.O.E."), filing 4, exhibit A1, at 43:21–22.) That finding would be entitled to the presumption of correctness under 28 U.S.C. § 2254(d). *Ballard v. Johnson*, 821 F.2d 568 (11th Cir.1987) (state court finding that petitioner received *Miranda* warning entitled to presumption of correctness); *Ahmad v. Redman*, 782 F.2d 409 (3rd Cir.) (same), *cert. denied*, 479 U.S. 831, 107 S.Ct. 119, 93 L.Ed.2d 66 (1986).

determination is made separate from the question of whether the waiver was voluntary. *Colorado v. Spring,* 479 U.S. 564, 573, 107 S.Ct. 851, 856–57, 93 L.Ed.2d 954 (1987) (citing *Moran,* 475 U.S. at 421, 106 S.Ct. at 1140–41). It involves an analysis of the totality of the circumstances, including the background, experience, and conduct of the accused. *Barahona, supra.*

■ Petitioner argues that "it is clear that [he] did not have a full awareness of the nature of the right being abandoned or the consequences of the decision to abandon it." (Petitioner's Brief, at 12.) Petitioner points to the fact that once he was advised that his statement was for the "official record," he requested the presence of an attorney. (*Id.*) Petitioner argues that "it seems probable that had he known and understood his *Miranda* warnings originally, he would have invoked his right to counsel at the beginning of the non-taped interrogation." (*Id.*)

Petitioner raised this same claim in state court. (Bill of Exceptions ("B.O.E."), filing 4, exhibit A1, at 4–46.) The district court rejected the claim and determined that petitioner's waiver was "knowingly" made.

(B.O.E., at 43:21–23.) The Nebraska Supreme Court affirmed the district court's decision, holding that petitioner's waiver was "intelligently" made. *Norfolk,* 221 Neb. at 819, 381 N.W.2d 120.

■ Under 28 U.S.C. § 2254(d) state court factual findings must be presumed correct on federal habeas review.[6] Even where the ultimate issue to be resolved by the federal court is legal in nature, any "subsidiary factual questions" decided by the state court are entitled to the presumption of correctness. *Woods v. Armontrout,* 787 F.2d 310, 313 (8th Cir.1986) (citing *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985)), *cert. denied,* 479 U.S. 1036, 107 S.Ct. 890, 93 L.Ed.2d 842 (1987).

In *Miller v. Fenton, supra,* the United States Supreme Court left open the question of whether a state court's determination that a *Miranda* waiver was "knowingly and intelligently" made is a factual finding entitled to the presumption of correctness under section 2254(d).[7] The Court of Appeals for the Eighth Circuit has held, without much discussion, that a state court's finding of an

6.  Section 2254(d) provides in part:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;
(2) that the factfinding procedure was not adequate to afford a full and fair hearing;
(3) that the material facts were not adequately developed at the State court hearing;
(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
(5) that the applicant was an indigent and the State court, in deprivation of his constitutional rights, failed to appoint counsel to represent him in the State court proceeding;
(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;
(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to the determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record[.]

28 U.S.C. § 2254(d).

7.  In *Miller,* the Supreme Court decided that the voluntariness of a confession is not an issue of fact entitled to the presumption of correctness, *id.* at 109–118, 106 S.Ct. at 448–54, but noted that:

[t]he present case presents no occasion for us to address the question whether federal habeas courts must accord the statutory presumption of correctness to state-court findings concerning the validity of a [*Miranda* ] waiver. *Id.* at 109 n. 3, 106 S.Ct. at 449 n. 3.

"intelligent" *Miranda* waiver is to be presumed correct pursuant to section 2254(d). *See McKee v. Nix,* 995 F.2d 833, 837–38 (8th Cir.), *cert. denied,* 510 U.S. 998, 114 S.Ct. 565, 126 L.Ed.2d 465 (1993). A similar conclusion has been reached by other circuits. *See Perri v. Director of the Dep't of Corrections of Illinois,* 817 F.2d 448, 451 (7th Cir.) (presumption of correctness applies to state court's finding of a "knowing and intelligent" waiver of *Miranda* rights), *cert. denied,* 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987); *Derrick v. Peterson,* 924 F.2d 813 (9th Cir. 1990) (same), *cert. denied,* 502 U.S. 853, 112 S.Ct. 161, 116 L.Ed.2d 126 (1991); *Collazo v. Estelle,* 940 F.2d 411 (9th Cir.1991) (following *Derrick* ), *cert. denied,* 502 U.S. 1031, 112 S.Ct. 870, 116 L.Ed.2d 776 (1992); *see Ahmad v. Redman,* 782 F.2d 409, 412–13 (3rd Cir.) (state court finding that petitioner understood *Miranda* warning "must be presumed correct if supported by the record"), *cert. denied,* 479 U.S. 831, 107 S.Ct. 119, 93 L.Ed.2d 66 (1986).

In *Perri, supra,* the Court of Appeals for the Seventh Circuit explained its holding as follows:

> We believe that the question of knowing and intelligent waiver does not require the application of legal principles. Once a state court finds that a defendant understood each *Miranda* right, then the court has made the necessary subsidiary factual determinations to the conclusion that the defendant has made a knowing and intelligent waiver. Therefore, because the final conclusion of whether a waiver was intelligent is disposed of by a state court's ascertainment of subsidiary factual determinations, we conclude that it would be incongruous not to give this determination deference under 28 U.S.C. § 2254(d).
>
> Moreover, whether a waiver is intelligently made is a factual question, because whether an individual understood his or her rights is an inquiry into his or state of mind. This inquiry will often require an assessment of the credibility of the defendant and the government's witnesses. The resolution of conflicting stories is appropriately made by the court of initial impres-

sion and not a federal court on habeas review.

*Perri,* 817 F.2d at 451 (footnote and internal citations omitted).

I agree with the reasoning of the Seventh Circuit in *Perri.* The question of whether a defendant was aware of and understood his *Miranda* rights, as well as the factors that go into resolving that question (i.e. defendant's state of mind, background, experience, and conduct), are issues of fact and thus are clearly entitled to the presumption of correctness. *Winfrey v. Wyrick,* 836 F.2d 406, 410 (8th Cir.1987) (state court finding that defendant understood *Miranda* rights entitled to presumption of correctness), *cert. denied sub nom, Winfrey v. Armontrout,* 488 U.S. 833, 109 S.Ct. 91, 102 L.Ed.2d 67 (1988); *Miller,* 474 U.S. at 113, 106 S.Ct. at 451 (inquiries into state of mind treated as questions of fact in section 2254(d) context). Once a state court has resolved those issues of fact and determined that the defendant was aware of and understood his *Miranda* rights, no further legal analysis is necessary; rather, the inescapable conclusion is that the waiver of those rights was "knowingly and intelligently" made. *See Moran,* 475 U.S. at 421, 106 S.Ct. at 1140–41 (waiver was knowingly and intelligently made if defendant had "full awareness" of rights and consequences of abandonment). A state court's conclusion that a waiver was made knowingly and intelligently is, in reality, a factual finding based on that court's "ascertainment of subsidiary factual determinations." *Perri,* 817 F.2d at 451. Because that conclusion is a factual finding, it is entitled to the presumption of correctness.

As noted above, the state district court in this case found that petitioner "knowingly" waived his *Miranda* rights, and the Nebraska Supreme Court affirmed that finding. Under section 2254(d) that finding "shall be presumed to be correct, unless [petitioner] shall establish or it shall otherwise appear, or the respondent shall admit" that one of the exceptions found in that section is met.

■ Petitioner does not explicitly rely on any of the 2254(d) exceptions. Rather, petitioner argues in his brief that "it is clear" that he did not have a full awareness of his

rights because once he was advised that his statement was for the "official record," he requested the presence of an attorney. Petitioner's argument may be read as an assertion that the district court's finding was "not fairly supported by the record." *See* 28 U.S.C. § 2254(d); *Elem v. Purkett,* 64 F.3d 1195, 1199 (8th Cir.1995). The state district court heard testimony that petitioner did not request an attorney until the interrogating officers mentioned that petitioner's statement would become part of the "official record." (B.O.E., at 11:8–20; 21:23–22:22; 23:17–24:7; 29:15–30:14; 37:24–38:12.) That court was in the best position to weigh the testimony, including the credibility of the witnesses, in order to ascertain whether it indicated a lack of "full awareness" on petitioner's part. *See Miller,* 474 U.S. at 114, 106 S.Ct. at 451–52. Having heard the testimony, the court ultimately determined that petitioner "knowingly" waived his *Miranda* rights. There was ample evidence in the record to support that determination. Specifically, there was testimony establishing that petitioner was advised of his *Miranda* rights (B.O.E., at 9:4–10:16; 17:2–9; 33:13–34:1), and that he understood them. (*Id.* at 8:11–16; 34:4–8.) I conclude that the district court's finding was "fairly supported by the record" and that, as such, the finding is to be presumed correct.[8] As the presumption of correctness has not been rebutted, petitioner's waiver of his *Miranda* rights was "knowingly and intelligently" made.

Because petitioner waived his *Miranda* rights "voluntarily, knowingly and intelligently," a valid waiver clearly occurred. *Miranda,* 384 U.S. at 444, 86 S.Ct. at 1612. I therefore conclude that petitioner is not entitled to habeas relief on this claim. I shall recommend that relief be denied on this ground.

(b) Voluntariness of petitioner's statement

■ Petitioner next claims that the oral statement he made to police was involuntary because "[a]n interrogating officer made a deceptive reference to a nonexistent autopsy report concerning the victim and suggested that the Petitioner would 'feel better' if he told them everything." (Petition, filing 1, at 5.)

It has long been established that a statement of a defendant, in order to be admissible under the Fifth Amendment, must be voluntary, "that is, [it] must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Bram v. United States,* 168 U.S. 532, 542–43, 18 S.Ct. 183, 186–87, 42 L.Ed. 568 (1897) (*quoting* 3 Russell, *Crimes* 478 (6th ed.)). As the Supreme Court has stated, certain methods of gathering incriminating statements "are so offensive to a civilized system of justice that they must be condemned." *Miller,* 474 U.S. at 109, 106 S.Ct. at 449. The question in the present case, as in any other such case, is whether law enforcement officials engaged in any coercive misconduct or overreaching, *Colorado v. Connelly,* 479 U.S. 157, 163–64, 107 S.Ct. 515, 519–20, 93 L.Ed.2d 473 (1986); *United States v. Rohrbach,* 813 F.2d 142, 144 (8th Cir.), *cert. denied,* 482 U.S. 909, 107 S.Ct. 2490, 96 L.Ed.2d 381 (1987), such that the defendant's statements were not freely self-determined, but rather the product of an overborne will. *Rogers v. Richmond,* 365 U.S. 534, 544, 81 S.Ct. 735, 741, 5 L.Ed.2d 760 (1961).

The Eighth Circuit has set forth the applicable test as follows:

Voluntariness remains the standard for the admissibility of confessions. *See, Brown v. Mississippi,* 297 U.S. 278, 285, 56 S.Ct. 461, 462, 80 L.Ed. 682 (1936) (the use of involuntary confessions violates due process). The test used to apply this constitutionally based standard is whether, in light of the totality of circumstances, pressures exerted upon the suspect have overborne his will. *Haynes v. Washington,* 373 U.S. 503, 513–14, 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513 (1963); *see also Culombe v. Connecticut,* 367 U.S. 568, 602, 81 S.Ct.

---

**8.** The fact that the state district court did not make express factual findings regarding the background, experience, and conduct of the petitioner does not preclude application of the presumption to the court's ultimate finding that petitioner "knowingly" waived his *Miranda* rights. *See Marshall v. Lonberger,* 459 U.S. 422, 432–36, 103 S.Ct. 843, 849–52, 74 L.Ed.2d 646 (1983).

1860, 1879, 6 L.Ed.2d 1037 (1961) (suspect's will is overborne when a confession is not the product of an essentially free and unconstrained choice). The Eighth Circuit has also embraced the "overborne will" doctrine. *See Rachlin v. United States,* 723 F.2d 1373, 1377 (8th Cir.1983). Two factors must be considered in the voluntariness inquiry: the conduct of the law enforcement officials and the capacity of the suspect to resist pressure to confess. *Colorado v. Connelly,* 479 U.S. 157 [159–63], 107 S.Ct. 515, 518–19, 93 L.Ed.2d 473 (1986).

*United States v. Jorgensen,* 871 F.2d 725, 729 (8th Cir.), *reh'g denied* (1989).

■■■ The ultimate issue of voluntariness is a question of law requiring independent federal determination. *Miller,* 474 U.S. at 112, 106 S.Ct. at 450–51. In making the voluntariness determination, I must follow a flexible totality-of-the-circumstances approach, considering all of the circumstances surrounding the giving of the inculpatory statements including the specific interrogation tactics employed, the details of the interrogation, and the characteristics of the accused. *United States v. Wilson,* 787 F.2d 375, 381 (8th Cir.1986), *cert. denied,* 479 U.S. 857, 107 S.Ct. 197, 93 L.Ed.2d 129 (1986).

■■■ In a habeas action, the burden is on the petitioner to demonstrate his "will was overborne and [his] capacity for self-determination critically impaired." *Jenner v. Smith,* 982 F.2d 329, 333 (8th Cir.), (quoting *Sumpter v. Nix,* 863 F.2d 563, 565 (8th Cir.1988)), *cert. denied,* 510 U.S. 822, 114 S.Ct. 81, 126 L.Ed.2d 49 (1993). As noted above, petitioner asserts that his statement was not voluntary (i) because an interrogating officer referred to a nonexistent autopsy report and (ii) because a second officer stated to petitioner that he would "feel better" if he told the officers "everything."[9] (Petition, filing 1, at 5; Petitioner's Brief, at 10, 12.)

**(i) Reference to nonexistent autopsy report**

During the interrogation one of the officers told petitioner he had an autopsy report and acted as if he were looking at it. (B.O.E., at 24:17—25–8.) While the officer had been present at the autopsy, no such report had been issued at the time of the interrogation. (*Id.* at 31:10–14.) Petitioner said to the officer, "You know it all, don't you?," to which the officer replied, "Yes. I can see it here in the report." (*Id.* at 31:10—32:5.) Petitioner contends that, because of the officer's reference to the nonexistent autopsy report, petitioner's inculpatory statement was not voluntarily given.

■■■ "Misrepresentations on the part of the government do not make a statement per se involuntary." *Flittie v. Solem,* 775 F.2d 933, 945 (8th Cir.1985), *cert. denied,* 475 U.S. 1025, 106 S.Ct. 1223, 89 L.Ed.2d 333 (1986). Rather, such conduct is merely one factor to be considered when reviewing the totality of the circumstances. *United States v. Petary,* 857 F.2d 458, 461 (8th Cir.1988).

The totality of the circumstances in this case point to voluntariness, notwithstanding the officer's misrepresentation. Petitioner was informed of his *Miranda* rights and he waived those rights. (B.O.E., at 9:4—10:16; 17:2–9; 33:13—34:1.) Petitioner was not handcuffed or otherwise restrained during the interrogation. (*Id.* at 7:24–25.) He did not appear to be under the influence of alcohol or drugs. (*Id.* at 8:1–4.) The interrogating officers made no threats and used no force. (*Id.* at 8:24—9:3.) No accusations or statements about possible penalties were made by the officers. (*Id.* at 40:15–18; 41:25—42:18.) Also, there is no evidence indicating that petitioner asked the officers to cease or terminate the unrecorded interrogation. Additionally, at the time the officer referred to the nonexistent autopsy report,

---

9. I note that petitioner raised these same claims in state court. The state district court determined that "the statement was given voluntarily," (B.O.E. at 43:21–24.), and the Nebraska Supreme Court affirmed. *State v. Norfolk,* 221 Neb. 810, 819–21, 381 N.W.2d 120 (1986). While subsidiary factual findings of a state court are entitled to the presumption of correctness under

28 U.S.C. § 2254(d), as noted above, "the ultimate issue of 'voluntariness' [of a confession] is a legal question requiring independent federal determination." *Woods v. Armontrout,* 787 F.2d 310, 313 (8th Cir.1986) (citing *Miller,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985)), *cert. denied,* 479 U.S. 1036, 107 S.Ct. 890, 93 L.Ed.2d 842 (1987).

petitioner had already admitted that he stabbed the victim. (*Id.* at 24:17—25–19; 31:10—32:5; 34:15—35:4; 38:13—39:11; 40:24—41:2.) Finally, petitioner points to no specific evidence, other than the false statement itself, indicating how that statement caused his will to be overborne.

In sum, the totality of the circumstances leads me to conclude that the officer's reference to the nonexistent autopsy report did not cause petitioner's will to be overborne and did not "critically impair[ ]" his "capacity for self-determination." *Sumpter,* 863 F.2d at 565. Thus, petitioner has failed to demonstrate that his statement was involuntary on that basis.

(ii) "Feel better" comment

*One of the officers present during the interrogation asked petitioner, "Did you have sexual intercourse with [the victim] after she was dead?"* (B.O.E., at 41:17–20.) Petitioner put his head down and said nothing "for quite some time." (*Id.* at 41:21–22.) The officer then said, "Well, maybe you'd feel better if you would tell us everything." (*Id.* at 41:22–23.) After the officer had again asked petitioner to tell them what happened, petitioner stated, "Yeah, I did." (*Id.* at 23–24.) Petitioner claims that the officer's statement that petitioner would "feel better" renders his confession involuntary.

▪ "A statement is not constitutionally involuntary unless 'the police extorted it from the accused by means of coercive activity.'" *Jenner,* 982 F.2d at 333 (quoting *Rohrbach,* 813 F.2d at 144). Further, a statement is not rendered involuntary merely because of a "sympathetic attitude on the part of the interrogator;" rather, the overall impact of the interrogation must have caused the defendant's will to be overborne. *Id.* at 334.

Again, the circumstances surrounding the interrogation of petitioner do not support petitioner's claim of involuntariness. The "feel better" comment was not phrased as a promise of leniency if petitioner cooperated or as a threat of possible punishment if petitioner failed to talk. Moreover, at the time the comment was made petitioner had already admitted to stabbing the victim. (B.O.E., at 40:24—41:24.) Further, petition-

er has again failed to point to any evidence, other than the "feel better" comment itself, indicating how that comment actually caused his will to be overborne. Such a comment, standing alone, is insufficient to overcome the other indicia of voluntariness in this case. *Cf. Stumes v. Solem,* 752 F.2d 317, 319–22 (8th Cir.) (inculpatory statements ultimately held admissible where officer told defendant he would "feel better" if he talked about the crime), *cert. denied,* 471 U.S. 1067, 105 S.Ct. 2145, 85 L.Ed.2d 502 (1985).

I therefore conclude that petitioner has failed to demonstrate that the interrogating officer, by making the "feel better" comment, overwhelmed petitioner's will or "extorted" the incriminating statement from him. *Jenner,* 982 F.2d at 333–34. As the incriminating statement by petitioner was not involuntary, I shall recommend relief on this ground be denied.

**Claim (3): Insufficient Evidence**

▪ Petitioner claims there was insufficient evidence to support a conviction for first degree murder. (Petition, filing 1, at 4.) Specifically, he claims that "[t]here was no evidence presented during trial that the Petitioner purposely and with deliberate and premeditated malice killed the victim." (*Id.*)

When considering a constitutional challenge to the sufficiency of the evidence, this court must consider:

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at trial establishes guilt beyond a reasonable doubt." [citation omitted] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond reasonable doubt.

*Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979) (footnote omitted) (quoting *Woodby v. INS,* 385 U.S. 276, 282, 87 S.Ct. 483, 486, 17 L.Ed.2d 362 (1966) (emphasis added)); *see Wright v. West,* 505 U.S. 277, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992); *see, e.g., Meis v.*

*Wyoming Dep't of Corrections,* 9 F.3d 695, 696 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1650, 128 L.Ed.2d 369 (1994); *Harrington v. Nix,* 983 F.2d 872, 874 (8th Cir.1993); *Perez v. Groose,* 973 F.2d 630, 634 (8th Cir.1992).

■■■ The question of whether sufficient evidence was presented at trial to satisfy due process is a mixed question of law and fact. The United States Supreme Court recently discussed, but did not resolve, the question of whether the state court's application of law to facts in determining the sufficiency of evidence is entitled to a de novo or a deferential standard of review. *Wright, supra; see Perez,* 973 F.2d at 634 n. 2. As in *Wright* and *Perez,* the standard of review will not affect the outcome of the decision here.

■■■ The claim of insufficient evidence to support a conviction raised in a habeas corpus action is reviewed as a due process claim. *Smith v. Armontrout,* 888 F.2d 530, 538 (8th Cir.1989). The law to be applied is that of the state in which the conviction was obtained. *See, e.g., Becker v. Lockhart,* 971 F.2d 172 (8th Cir.1992) (applying Arkansas law); *Wilkins v. Iowa,* 957 F.2d 537, 542 (8th Cir.1992) (applying Iowa law); *Williamson v. Jones,* 936 F.2d 1000, 1003 (8th Cir.1991), *cert. denied,* 502 U.S. 1043, 112 S.Ct. 901, 116 L.Ed.2d 802 (1992) (applying Minnesota law).

Nebraska law at the relevant time provided that a person commits first degree murder if he or she kills another "purposely and with deliberate and premeditated malice or in the perpetration of, or in an attempt to perpetrate a sexual assault in the first degree ..." *Neb.Rev.Stat.* 28–303 (Reissue 1979). With respect to the element of premeditation, the Nebraska Supreme Court has held that the

time required may be of the shortest possible duration. [It] may be so short that it is instantaneous, and the design or purpose to kill may be formed upon premeditation and deliberation at any moment before the homicide is committed.

*State v. Lynch,* 215 Neb. 528, 533, 340 N.W.2d 128 (1983).

As noted above, petitioner gave an incriminating statement during a police interroga-

tion. At trial, one of the interrogating officers summarized petitioner's statement as follows:

I asked him to relate what had happened on Friday and Saturday, the 11th and 12th, and Mr. Norfolk told us that on Friday night he went to his aunt's house, Mrs. Jones, and that he needed a place to stay and asked her if he could rent a room and the two of them agreed that he would pay $100.00 a month for a room rental. He said that this took place around 7:00 o'clock on Friday night, the 11th of May, and that he left the residence, went out drinking with several friends and returned at approximately—he thought it to be around 3:00 or 3:30 in the morning. He said that he had had a lot to drink and that when he went to the door he had difficulty getting in the door; it was something to do with his key and the key didn't work or he wasn't quite sure. In any event, his aunt came to the door in a nightgown and let him in. He said that he gave her a kiss and greeted her as he came in and she returned to her bedroom and that he attempted to eat a piece of chicken and, when he ate it, he lost his appetite because of the amount of alcohol that he had consumed. So he went to the bedroom and removed his clothing, to his underwear, and then placed a long-sleeve shirt on and returned to the kitchen and retrieved a butcher knife that he described as having a brown-wooden handle and a thin blade. He cut the telephone cord wire in the kitchen; he went to—well, there is another telephone cord that he cut, and then he went to the bedroom and that he stabbed his aunt two to three times. He said that she slumped to the floor and that he placed his arm around her neck and squeezed until she was lifeless. Then he said he consum[m]ated the act of intercourse on her.

(B.O.E., at 199:14—200:18.)

Petitioner's confession was held be admissible at trial. As discussed further above, no constitutional error was committed by admitting the confession. In view of petitioner's detailed confession, I have little difficulty concluding that a rational trier of fact, evalu-

ating the evidence "in the light most favorable to the prosecution," *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789, could have found beyond a reasonable doubt that petitioner committed each of the essential elements of the crime of first degree murder, including the premeditation element.[10] As such, petitioner is not entitled to habeas relief on his claim of insufficient evidence.[11] I shall recommend denial of the petition on this ground.

**IT THEREFORE HEREBY IS RECOMMENDED** to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), that the petition for writ of habeas corpus (filing 1) be denied in all remaining respects.

The parties are notified that unless objection is made within ten days after being served with a copy of this recommendation, they may be held to have waived any right they may have to appeal the court's order adopting this recommendation.

Dated November 7, 1995.

---

**10.** Petitioner argues that "[t]here is no competent evidence establishing any premeditation." (Petitioner's Brief, at 15.) I disagree. The trier of fact could have inferred premeditation from any number of things, most notably the cutting of the telephone cords prior to the killing. (*See* B.O.E., at 200:11–15.)

**11.** My conclusion would be the same under either a de novo or deferential standard of review. *See Wright v. West*, 505 U.S. 277, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992).