# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  01-1022

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jesus Gallardo-Marquez, | * | Southern District of Iowa |
| | * | |
| Appellant. | * | |

_____

Submitted: May 15, 2001
Filed: June 18, 2001

_____

Before BOWMAN, Circuit Judge, and BOGUE[1] and MAGNUSON,[2] District
   Judges.[3]

_____

MAGNUSON, District Judge.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District
of South Dakota, sitting by designation.

[2]The Honorable Paul A. Magnuson, Chief Judge, United States District Court
for the District of Minnesota, sitting by designation.

[3]Pursuant to 28 U.S.C. § 46(b), the Chief Judge certified the existence of a
judicial emergency necessitating the designation of a panel consisting of fewer than two
members of the Court of Appeals.

Jesus Gallardo-Marquez appeals his conviction and sentence for conspiracy to manufacture and distribute methamphetamine, cocaine, and marijuana; distribution of methamphetamine within 1,000 feet of a playground; distribution of methamphetamine; illegal reentry after deportation and prior aggravated felony; felon in possession of a firearm; felon in possession of ammunition; and possession and use of a firearm in relation to a drug trafficking offense. Based on Gallardo-Marquez's substantial assistance to the Government, the District Court[4] departed downward from a sentence of 382 months to a sentence of 269 months. On appeal, Gallardo-Marquez contends that the District Court erred in denying his motion to suppress his confession and in calculating the relevant drug quantity for sentencing purposes. For the reasons stated below, we affirm Gallardo-Marquez's conviction and sentence.

I.

The District Court's findings of fact in ruling on a defendant's pretrial motion to suppress a confession on Fifth Amendment grounds are reviewed for clear error. United States v. Harris, 221 F.3d 1048, 1051 (8th Cir. 2000). We review de novo a trial court's legal conclusions as to whether a defendant's Fifth Amendment rights were violated. Id.

Gallardo-Marquez contends that his statements to the police were not voluntary and should have been suppressed. He argues that the totality of the circumstances establishes that his will was overborne. In particular, he points to the manner in which he was arrested: a group of armed policemen entered his home at 6:30 in the morning, he was in bed and was not wearing any clothes, and the police did not allow him to get dressed for a period of time. Gallardo-Marquez further contends that his 12-year-old daughter observed him without clothes. Moreover, he asserts that the police told him

_____

[4]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

that he was going to jail for life, and that he should cooperate with the government to reduce his jail time.

A confession will be deemed involuntary and thus inadmissible if it "was extracted by threats, violence, or . . . promises, such that the defendant's will was overborne and his capacity for self-determination critically impaired." United States v. Kilgore, 58 F.3d 350, 353 (8th Cir. 1995) (citing Culombe v. Connecticut, 367 U.S. 568, 602 (1961); Sumpter v. Nix, 863 F.2d 563, 565 (8th Cir.1988)). The court must look at the totality of the circumstances, including not only the conduct of the police, but also the defendant's ability to resist police pressure. United States v. Pierce, 152 F.3d 808, 812 (8th Cir. 1998). Gallardo-Marquez is an individual of average intelligence, and he has had relatively extensive prior experience with law enforcement. As the District Court found, the totality of the circumstances of Gallardo-Marquez's arrest were not sufficiently coercive, threatening, or violent to render his confession involuntary.

The conduct of the police in this case was not calculated to overbear Gallardo-Marquez's will. The police had information that Marquez possessed firearms and that he had threatened the life of a police officer, thus, their pre-dawn "raid" on Gallardo-Marquez's residence was reasonable. Their statements that he could receive life in prison likewise were not calculated to force him to confess. Instead, these statements were accurate representations of Gallardo-Marquez's predicament: he in fact received an initial sentence of 32 years, which is essentially a lifetime in prison. Gallardo-Marquez has not shown that the manner in which he was arrested or that other police conduct amounted to the sort of coercion necessary to impair his capacity for self-determination. We agree with the District Court's conclusion that Gallardo-Marquez's statements to the police were voluntary.

II.

The District Court must determine the amount of drugs for which a criminal defendant is responsible by a preponderance of the evidence.  Edwards v. United States, 523 U.S. 511, 513-14 (1998); United States v. Aguayo-Delgado, 220 F.3d 926, 932-33 (8th Cir. 2000) (holding that, after Apprendi v. New Jersey, 530 U.S. 466 (2000), a district court may make the determination as to drug quantity unless the quantity found increases the sentence beyond the statutory maximum).  The court's findings as to drug quantity will not be disturbed unless clearly erroneous.  United States v. Hiveley, 61 F.3d 1358, 1362 (8th Cir. 1995).

Gallardo-Marquez objects to the District Court's calculation of the relevant drug quantity for sentencing purposes.  The jury found that the Government had not proved beyond a reasonable doubt that Gallardo-Marquez was responsible for more than 1 kilogram of methamphetamine, but found that he could be held responsible for at least 100 grams of methamphetamine.  At sentencing, the District Court determined that Gallardo-Marquez was responsible for 60 kilograms of methamphetamine, based on the statements Gallardo-Marquez made to the police, as corroborated by the testimony of Gallardo-Marquez's co-conspirators.

Gallardo-Marquez argues that the District Court's finding is clearly erroneous. He insinuates that his co-conspirators were lying about drug quantity, and that they all had incentive, in the form of reduced sentences, to do so.  Thus, he contends that the District Court's reliance on this testimony was clearly erroneous.  Gallardo-Marquez misconstrues the District Court's ruling, however.  The District Court did not rely solely on the statements of Gallardo-Marquez's co-conspirators in finding him responsible for 60 kilograms of methamphatime.  Instead, the District Court relied on Gallardo-Marquez's own statements to the police that he was responsible for this amount of methamphetamine.  The District Court then found that Gallardo-Marquez's statements were corroborated by the testimony of his co-conspirators, and that the

testimony as a whole, including Gallardo-Marquez's statements, demonstrated by a preponderance of the evidence that Gallardo-Marquez distributed at least 60 kilograms of methamphetamine. This finding is well supported by the evidence, and is not clearly erroneous.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.